CLARK *against* SAVAGE :

IN ERROR.

Where the plaintiff's account, in an action of book debt, consisted of sundry items, among which were two of *memorandum* notes, in this form—" Good to *A. B.* for fifty dollars, value received"—and it appeared, that these writings were given for money loaned, and at the time when the loans were made ; it was held, 1. that money loaned may properly be charged on book ; 2. that the taking of these notes for the moneys loaned, did not preclude the plaintiff from charging them on book, unless there was an agreement between the parties that the notes should be taken in extinguishment of the book debt ; 3. that whether such an agreement existed, was to be determined by the triers, from all the circumstances proved in the case, as a question of fact ; 4. that the form of the notes, and the circumstance that the plaintiff's account embracing these charges, had been presented to the defendant, and retained by him without objection, not only furnished no evidence of such agreement, but indicated the absence of it.

THIS was an action of book debt, brought by *Samuel G. Savage* against *Randolph Stockbridge* and *David Clark*, late partners in business under the name of *Randolph Stockbridge.* The defendant, *Stockbridge*, died, during the pendency of the suit. The cause was committed to auditors, who, after hearing the parties, found due from the defendant to the plaintiff, the sum of 428 dollars, 90 cents.

The defendant filed a remonstrance against the acceptance of this report ; on which the court found the following facts. On the hearing of the cause before the auditors, the plaintiff offered in evidence two writings of the following tenor : " Good to *Savage & Co.* for one hundred and fifty dollars, value received. *Hartford, April* 21st, 1845. *Randolph Stockbridge.*" " $50.—Good to *Savage & Co.* for fifty dollars, value received. *Hartford, February* 26th, 1845." These writings were accompanied with evidence, that they were given for moneys loaned by the plaintiff to *Stockbridge & Clark*, at the times they respectively bear date ; and that afterwards, in the life-time of *Stockbridge*, a copy of the plaintiff's account against the defendants, including therein charges for these writings, was made by the plaintiff, and presented to him, *Stockbridge*, who kept such account in his possession, for a considerable period of time, and until his death ; and that no objections were ever made by him to the correctness of the account as thus pre-

sented. To the admission of these writings in evidence, the

defendant objected, because it appeared that they were given for money loaned, and when the two loans were respectively made, and in no way connected with the other items in the plaintiff's account ; and because the writings, and the debts evidenced thereby, were not proper charges on book. The auditors overruled the objection, and admitted the writings in question, and they were allowed in the adjustment of the accounts between the parties. The court accepted the report of auditors, and rendered judgment thereon. The present writ of error was thereupon brought by the defendant.

*Toucey* and *Chapman*, for the plaintiff in error, contended,
1. That as the action of book debt was originally introduced to enable a party to recover for articles sold and delivered, without any writing or other proof than the oath of the party ; and as the testimony of the parties and of other persons interested, is admissible in this action, contrary to the rules of the common law, it ought to be, and has been, restricted to its original objects. *Terrell* v. *Beecher*, 9 *Conn. R.* 344. 349.

2. That the writings offered in evidence were promissory notes. *Chitt. Bills*, 129. *Morice* v. *Lee*, 8 *Mod.* 362. *Franklin* v. *Marsh*, 6 *N. Hamp. R.* 364. *Kimball* v. *Huntington*, 10 *Wend.* 675. *Smith* v. *Allen*, 5 *Day*, 337.

3. That these promissory notes cannot be recovered in an action of book debt. *Bradley* v. *Goodyear*, 1 *Day*, 104. *Humphrey* v. *Oviatt*, 8 *Conn. R.* 413. *Terrell* v. *Beecher*, ubi supra.

4. That no inference can be drawn from the consent of *Stockbridge*, which can affect this case.

*Hungerford* and *Fellowes*, for the defendant in error, contended, 1. That money lent is a proper subject of book debt charge. 1 *Sw. Dig.* 582. *Vermont Mutual Fire Ins. Co.* v. *Cummings*, 11 *Verm. R.* 503. *Chellis* v. *Woods*, *Id.* 466. *Hickok* v. *Risley*, 15 *Verm. R.* 42. *Weller* v. *McCarty*, 16 *Verm. R.* 98.

2. That the *memorandum*, taken as evidence of the loan, makes no difference. *Boutwell* v. *Tyler*, 11 *Verm. R.* 487. *Smith* v. *Brush*, 11 *Conn. R.* 359. *Bill* v. *Porter*, 9 *Conn. R.* 31. *Arnold* v. *Crane*, 8 *Johns. R.* 79.

3. That if the charge on book was not originally proper, it was competent to the parties to make it so, by their assent or agreement. *Spear* v. *Peck,* 15 *Verm. R.* 566. *Eaton & al.* v. *Whitcomb,* 17 *Verm. R.* 641. *2 Greenl. Ev.* 126. § 127.

4. That the fact that the plaintiff's account, including the charges in question, was rendered to the defendant *Stockbridge,* and kept by him, a long time, without objection, is evidence from which such assent or agreement might be inferred, by the auditors. It is also evidence to repel any presumption arising from the writings, that the parties did not intend that the charges should not rest on book. 1 *Sto. Eq.* 500. § 526, 7. *2 Greenl. Ev.* 105, 6. § 126, 7. and the cases there referred to. *Foster* v. *Allanson,* 2 *Term R.* 479.

HINMAN, J. The original action was book debt, and was referred to auditors. At the trial before them, the plaintiff introduced in evidence two promissory notes, signed by *Randolph Stockbridge,* who was one of the defendants when the action was commenced, but has since deceased. The present defendant was interested in his business as a dormant partner. The notes were given for money borrowed, by the concern; and it appeared, that the parties had had other dealings, and that a copy of the plaintiff's account, including these two charges, with other items, admitted to be properly charged on book, was made out and presented to Mr. *Stockbridge,* and he made no objection to any part of it, though he kept the account for a considerable time before his death.

The notes were not in the ordinary form of such instruments, but rather in the form of *memorandum* notes.

The defendant objected to the admission of the notes in evidence; but the auditors admitted them, and allowed them to the plaintiff in the adjustment of the account; and the superior court, on remonstrance, having accepted the report, the question is, whether this decision was correct. We are satisfied that it was. The plaintiff in error does not complain of it, on the ground that money lent may not properly be charged on book. This, according to Judge *Swift,* was a question formerly made in our courts; but he intimates the opinion, that money may as well be entered on book as any other article; and, since his day, the practice of so charging

it has become universal, and has been too often sanctioned by our courts, to leave this, at this time, an open question. 1 *Sw. Dig.* 582.

*Hartford,*
August, 1850.

Clark
*v.*
Savage.

The defendant insists, however, that by taking notes for the sums as they were advanced, the party has deprived himself of the right to charge and recover for them as a book debt. But a note is a security of no higher nature than a book debt; they are both simple contract debts; and there can be no merger, or extinguishment of one by the other, unless it is so agreed by the parties. *Bill* v. *Porter*, 9 *Conn. R.* 23.

If, then, these sums were properly charged on book, at the times when they were advanced, it is clear, that the taking of notes for them also, was not an extinguishment of the book debt. Undoubtedly, a party may accept a note in satisfaction of a book debt; and so he may give up a note as paid and satisfied, and agree to charge the amount on book. But nothing of this sort is shown, or claimed even. The naked claim is, that the taking of a note for money, precludes the party from charging it on book. This not being so, the right to charge these sums on book all depends upon the understanding and agreement of the parties at the time ; and this from all the circumstances proved in the case, was determined by the auditors, as a question of fact, rather than of law. It is impossible for us to say, that it was not proved before them, that the money was not advanced, and charged, long before the notes were given ; but whether this was so, or not, if the circumstances were such as to satisfy the auditors, that the parties intended that an account should be kept of the advancements, on their books, the notes, as we have seen, do not operate to extinguish the account ; and the finding would be conclusive upon the fact. We could not review it, even had the notes been in the usual form, and had there been no evidence of the presentation of the account to Mr. *Stockbridge*, with no objection to it by him. It would still have been a question of fact, whether the right to charge existed at the time. If, however, we were to go into this question, we could not doubt that the decision of the auditors was correct. The *memorandum* notes taken by Mr. *Savage*, indicate, that the loans were temporary accommodations, not intended to remain any considerable time unpaid ;

they were of such sums as are ordinarily charged on book; and the presentation of the account, and no objection being made to it, is evidence of the admission of Mr. *Stockbridge*, that it was correct. We do not see, therefore, how the auditors could have come to any other result. Taking a note for money, in the ordinary form, and on time, would not be a very strong circumstance against the right to charge the money on book; but in the form in which these were taken, it amounts to very little; and whatever weight it might otherwise be entitled to, is very satisfactorily destroyed, by the knowledge which Mr. *Stockbridge* had of the account, and his making no objection to it.

We are of opinion, therefore, that there is no error in the judgment complained of.

In this opinion the other Judges concurred.

Judgment affirmed.