No. 8.—CREAMER & GRAHAM, plaintiffs in error, *vs.* HARVEY SHANNON, defendant in error.

[1.] An account cannot be established by the oath of one of the parties, that he kept no clerk, but made the entries in the book himself; that the book of original entries has been burnt, and that the bill of particulars filed with the complaint, was transcribed from the book by himself.

Complaint, in Sumter Superior Court.    Tried before Judge PERKINS, September Term, 1854.

This was a suit upon an account.    Upon the trial, John Creamer, one of the firm of Creamer & Graham, swore that the firm had an original book of entries, which had been destroyed by fire; that he kept the books alone, having no clerk, and that he transcribed the present account from the book, and that this was a true transcript from the book.    The Court rejected the transcript thus proven, as evidence, and this decision is assigned as error.

TUCKER & BEALL, for plaintiff in error.

HAWKINS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The plaintiffs in error, in this case, brought suit as merchants, against the defendant, on an open account, for goods sold and delivered to him during the year 1853.    Upon the trial, it was proposed to show by Mr. Creamer, one of the firm, that the bill of particulars filed with the complaint, was a true transcript from the book of original entries; that said entries were made by himself, the partners having no clerk, and that the book containing these entries had been burnt in the late fire at Americus.    The Circuit Court refused to allow the account to be established in this way; and that judgment is excepted to.

This Court, in one of its earliest decisions, held that the accounts of shop-keepers might be proven by themselves, where the book of original entries, kept by them, was produced—appeared to be fair upon their face, and the items were regularly charged, there being nothing upon the face of the books, themselves, to discredit them. This practice has obtained throughout the State; and, indeed, I might say, throughout the United States. And Mr. *Greenleaf* does not seem to consider it at variance with the principles of the Common Law. But it has always been conceded, that even the original books, kept by the party himself, and proven by his own oath, should be viewed suspiciously and scrutinized closely. And at best, are only allowed from the necessity of the case, as a part of the *res gestæ.*

But this case proposes to go one step further, and to permit the party to introduce in evidence a transcript of the account from the books. We are unwilling to go this far.

It takes from the defendant the last and only check upon this very loose species of proof. So long as the books, themselves, are required to be produced, the defendant may, by their inspection, detect such proofs of a want of fairness and regularity, as to cast suspicion or discredit upon the account with which he is sought to be charged. But allow the party, in the absence of his books, to establish the demand by a copy claimed to have been drawn or transcribed by himself, and what protection has the defendant? Is he not delivered over, bound hand and foot, to his adversary? Better that the debt be lost, for want of sufficient testimony, as many rights are, than to establish a principle and practice so fraught with mischief.

But it is not true that the plaintiffs have no other mode by which they can establish their debt. Under the late Statute, they could make the defendant a witness, and compel him to testify. This account contains but seven items. Some of them leading ones, such as a pair of boots, &c. Is it not likely that the defendant would recollect these and admit their justice?