## CHEEVER *vs.* BROWN & BROWN.

Where the book produced, as the book of original entries, is in a mutilated condition, the entries against the defendant in the hand-writing of the plaintiff, and no witness proves that the plaintiff kept correct books, or that he knew of any dealings between the parties, the testimony is insufficient to justify a recovery.

Complaint, from Dougherty county. Tried before Judge ALLEN, June Term, 1859.

The defendants in error brought suit against William B. Cheever on an account for 840 bushels of corn at $1 00 per bushel, and 50 bushels of peas at the same price.

On the trial, A. H. Brown, one of the plaintiffs in action, produced a book which he stated, under oath, to be the original book of entries of the plaintiffs; the entry against Cheever was in his (Brown's) hand-writing, and was made by him from notches on a stick, reported by William Moore as to the loads of corn delivered, and partly from his own knowledge. Moore, the overseer of Cheever, also kept a stick, and the corn was delivered to him. The book was the private memorandum book of witness, and he entered in it this transaction of the firm. He was not present when all the corn was delivered, but made the entry from what was told him. Moore received the corn for Cheever and knows all about the matter of this entry.

The book exhibited was a small pocket memorandum book, mutilated by two leaves partially torn out, one of them showing part of an entry. It contains a few scattered entries and memoranda, being for cash paid to one person for goods, to another for board of negroes, etc., time of hiring negro, corn bought of Cheever, etc.; and among them is the account for the corn and peas formally charged to Cheever, this being the only regularly stated *account* in the book.

Plaintiffs proved by one Hampton, that he, witness, had had one settlement of a business transaction with A. H. Brown, and found that one correct; could not say plaintiffs kept correct books; did not know they kept books; in the settlement with A. H. Brown, he had no books; he stated to witness what he said witness owed him " from his head," and the settlement was made in that way.

There having been a verdict for the plaintiff, a new trial was asked for on the following grounds:

1st. The Court erred in admitting the book produced by plaintiffs to the jury.

2d and 3d. The verdict was contrary to law and the evidence.

4th. The verdict was contrary to the charge of the Court in this: the Court charged the jury, that they would consider, in making up their verdict, the appearance of the book, and all mutilations and appearances of incorrect entries would affect its credibility.

The Court refused a new trial, and counsel for defendant excepted.

BUTLER, for plaintiff in error.

SLAUGHTER & ELY, for defendant.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We think the Court erred in not granting a new trial in this case.

Brown, the plaintiff, it is true, stated, under oath, that the corn was delivered to Cheever. But he was then upon his examination before the Court, and not testifying before the jury.

To say nothing of the character and condition of the books themselves, not a witness swears that he kept correct books, from his own knowledge of his dealings; nor does any one depose that he knew of any dealings between Cheever and Brown. To allow a thousand dollars to be recovered upon such proof, would perhaps be going too far.