GILBERT B. PETIT, plaintiff in error, *vs.* WILLIAM TEAL, defendant in error.

1. Running payments and over-payments on account, may be pleaded as a set-off to the plaintiff's account sued on, where the plea admits the latter to a certain amount, but disputes the balance; and if the plea be sustained by evidence, the defendant may have judgment for any excess which he ought to recover.

2. The exclusion of the defendant's books of account was not error, so far as appears to this court from the record.

Set-off. Evidence. Before Judge HILL. Bibb Superior Court. October Term, 1874.

The following, taken in connection with the opinion, sufficiently reports this case:

Teal sued Petit for $98 00 due him for labor, as a carpenter. Defendant's plea admitted $25 00 of this indebtedness, but alleged that the rest of the work was so badly done as to be valueless. It also pleaded, as set-off, an open account due by plaintiff to defendant, and certain over-payments which

Petit *vs.* Teal.

the latter had made to the former for previous work, amounting in all to $154 00; and defendant prayed judgment for the excess due to him.

The evidence as to the amount paid by defendant to plaintiff, and as to the quality of the work done, was conflicting. Defendant testified that he was a mechanic and contractor; that he kept accounts with men employed by him in a book, and that the account with Teal was contained therein, and was accurate. The book was offered in evidence, but rejected by the court.

The jury, under the charge of the court, found for the plaintiff. Defendant moved for a new trial. The motion was overruled and defendant excepted.

A. Proudfit; Wooten & Simmons, by R. H. Clark, for plaintiff in error.

R. W. Stubbs; Hall & Lofton, for defendant.

Bleckley, Judge.

1. The defendant below admitted in his plea that the account sued on was just, to the extent of $25 00, disputing the balance. The plea presented a counter-claim, by way of open account (annexing a copy), offering to set-off the same against the plaintiff's demand as admitted, and insisting that the plaintiff was indebted to the defendant the overplus, "which this defendant over-paid to Teal." The items of the account in defendant's favor, were shingles, tools and cash. There was some evidence in support of it, the defendant himself testifying very fully to its correctness. The court, it seems, charged the jury that they could not consider over-payments, on a plea of set-off, and that the defendant could not recover, on that plea, any amount over-paid. As we understand the charge, it excluded entirely from the case the most, if not all, of the defendant's account. We infer from the evidence that the parties had had no settlement, but that the dealings between them went on for some length of time, the

Petit *vs.* Teal.

plaintiff working for defendant at different jobs, and the defendant advancing him money, from time to time. This money, together with the other items charged in defendant's account, amounted, as the defendant claims, to more than all the work ever done for him by the plaintiff, including that now sued for. And he claims, also, that the latter—that is, the work now sued for—was very badly and improperly done, for which reason some of it was rejected, and the value of that accepted was only $25 00 instead of $98 50, the sum demanded for the whole. We think payments and over-payments occurring in this way, may be adjusted on a plea of set-off; and if, on a fair and just accounting, the balance be in favor of the defendant, that he may have judgment for it against the plaintiff. We see no trace in the evidence of any purpose by either party to give or claim any sum by way of gratuity. If over-payments were made negligently or by mistake, they can be rectified so long as they are not barred by the statute of limitations; and if they could be recovered in an independent action, they are a proper subject of set-off: Code, sections 2900, 3469. The jury allowed the whole of the plaintiff's account, and disallowed all of the defendant's. There was much conflict in the evidence, and if we were sure the case turned alone on the superior credibility of one set of witnesses over the other, we should not disturb the verdict; but, under the charge of the court, we think the jury most probably treated the defendant's account as excluded from their consideration upon a technical question of pleading.

2. As to ruling out the defendant's book, we cannot pronounce, from what is before us, that the court erred. Precisely what was testified as a foundation for introducing the book is not stated. Whether selling shingles and tools was in the line of the defendant's regular business, does not appear. Neither does it appear that he kept daily entries. On the contrary, the account annexed to the plea, which he testified was taken from his book, is, as to some of the debits and all of the credits, wholly without dates, not even showing the year, much less the month or day. Again, many of the charges

are for cash, one item of $90 00, one of $75 00, one of $60 00, and two of $50 00 each. We are inclined to think that book enties, except for the mere purpose of refreshing a witness' recollection, are not evidence of such transactions: 3 Pick., 96, 109; 14 *Ibid.*, 8; 13 N. H., 421; 1 Fairfield, 9; 1 Yeates, 347; 2 *Ibid.*, 254; 4 Dallas, 153; 8 Watts, 39, 47; 1 Day, 104; 20 Conn., 258; 9 *Ibid.*, 84; 1 Harrington, 346; 8 John., 211; 12 *Ibid.*, 461; 3 Scammon, 120; 6 Halsted, 189; 2 *Ibid.*, 345; 1 *Ibid.*, 95; 3 Zabriskie, 457; 4 Wash. C. C., 698; 8 Hammond, 494; 17 Ohio, 156. There would seem to be good reason for admitting books to prove very small sums of cash advanced in the regular course of business, but where the amount is of such importance that a receipt or some written evidence might be reasonably called for by the party, books alone would be unsafe. Of course, in particular lines of business, such as banking, usage might be found to extend to all amounts alike. It has occurred to us, furthermore, that as books are admitted on the ground of necessity, (2 Hill, S. C., 677; 1 *Kelly*, 233; 17 *Georgia Reports*, 66; 20 *Ibid.*, 365,) the change of the law making parties themselves competent witnesses, may have a bearing on the general subject. Where the person who made the book is or can be examined, the reason for admitting the book at all is much abated in force. Still, as a party to the suit, though competent, is, nevertheless, liable to be discounted by the jury in credibility, by reason of his interest, and as his books may tend to support his credit, there may be use for them for that purpose; and for that purpose, if for no other, there yet may be reason to admit them. We incline to think so.

Judgment reversed.