GREEN B. CARR, plaintiff in error, *vs.* THOMAS SMITH, defendant in error.

1. Where a memorandum of the terms of a settlement was reduced to writing, and handed to defendant's agent, parol evidence as to its contents is admissible, where such agent testified that he never had had such memorandum, or if he ever had it in his possession, it was lost or mislaid; and this, though no notice to produce was served either on said defendant or said agent.
2. The evidence submitted to the arbitrators being conflicting, the award was properly allowed to stand.

Arbitrament and Award. Evidence. Before Judge POTTLE. Hancock Superior Court. October Term, 1876.

Reported in the decision.

J. T. JORDAN, for plaintiff in error.

C. W. DuBOSE; C. S. DuBOSE, for defendant.

WARNER, Chief Justice.

This case came before the court below on exceptions to the award of arbitrators upon a question submitted to them, as to whether a certain execution in favor of Carr against Smith, had been settled. The arbitrators, under the evidence submitted to them, found by their award, that the execution had been settled. Carr filed exceptions to the award on various grounds, which were overruled by the court, and he excepted, and now assigns the same as error here.

1. The alleged mistake of law committed by the arbitrators, was in receiving parol evidence as to the settlement between the parties in 1869, when the evidence showed that the settlement was reduced to writing and handed to Pounds, defendant's agent. Pounds, the defendant's agent, to whom the written memorandum of the settlement was proved to have been delivered, by two witnesses, was examined as a witness, and stated that he never had in his possession the written memorandum of the settlement, and that if he ever had it, it was lost or mislaid. There was no notice served on the defendant, or his agent, to produce the writing. There was no mistake of law on the part of the arbitrators in admitting parol evidence of the settlement, after proof of the loss of the written memorandum thereof. Code, §3832.

2. There was a conflict in the recollection of the witnesses as to whether the execution in dispute was included in the settlement between the parties. According to the recollection of some of the witnesses, it was included, but according to the recollection of others, it was not included. The majority of the arbitrators found by their award that the disputed execution was included in the settlement, and there is sufficient evidence in the record to sustain their award. We

find no error in overruling the defendant's exceptions to the award of the arbitrators, on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.