REVIERE *vs.* POWELL & MURPHY.

1. A memorandum or entry made in the book of a banker or merchant at the time of the transaction, and in the presence of all the parties—plaintiff and defendants—is part of the *res gestæ,* and the book is admissible in evidence to show it, and to corroborate the memory of witnesses.

2. The first grant of a new trial, where the presiding judge is dissatisfied with the verdict as not sustained by the evidence, but decidedly against its weight, will not be scrutinized closely by this court, and will always be allowed to stand, where supported by the rejection of legal evidence which might have influenced the jury.

Evidence. *Res gestœ.* New trial. Before Judge HALL. Pike Superior Court. October Adjourned Term, 1877.

To the report contained in the opinion it is only necessary to add the following : Plaintiff claimed that he had deposited $225.00 with defendants, and had never withdrawn it or received it back; defendants admitted the deposit, but claimed that after it was made, in a general statement of accounts with plaintiff, the money had been used by him and applied with his consent in such settlement. This was the issue of fact.

HUNT & TAYLOR, for plaintiff in error, cited 7 *Ga.*, 269, 283; 8 *Ib.*, 306; 31 *Ib.*, 365; 36 *Ib.*, 418. Rejection of book proper, 18 *Ga.*, 693; 20 *Ib.*, 365.

B. M. TURNER; SPEER & STEWART, for defendants, cited 57 *Ga.*, 594–606. Exclusion of book error, Code, §3773 ; 3 *Ga.*, 513.

JACKSON, Justice.

This was a suit for two hundred and twenty-five dollars on a check, for that much money deposited by the plaintiff with the defendants. The issue was whether the money called for by the check had been paid in settlement or not. The jury found for the plaintiff, the defendants moved for a new trial, it was granted, and plaintiff excepted.

The motion was predicated on two grounds : first, that the court erred in rejecting a certain book of Powell & Murphy which showed an entry of the two hundred and twenty-five dollars sued for, and its payment in the settlement; and, secondly, that the verdict is strongly and decidedly

Reviere *vs.* Powell & Murphy.

against the weight of the evidence. It is not stated upon which ground the new trial was granted, but we suppose upon both.

1. Should the book have been admitted? We think so. The entry was made at the time of the transaction, and in the presence of all the parties, the plaintiff included, according to the statement in the record. It was, therefore, a part of the *res gestæ*—a memorial made at the time of what transpired, in a form more durable and less liable to mistake than mere human memory. Any such memorial made at the time, and in the presence of parties, upon anything —wood, stone or paper—is evidence, and admissible, especially in a case where human recollection differs, in order to strengthen the one side or the other, as the memorial may corroborate the one or the other. It is immaterial who made it, so that it was made at the time and in the presence of the parties at variance. It is stronger, therefore, than the case of an ordinary entry on the books of a banker or merchant; but even in such ordinary case, this court has not held that since parties may be sworn, books are not admissible. See *Petit vs. Keel*, 57 *Ga*, 145. But this entry stands on a different footing upon the facts stated in the motion for a new trial, and is admissible as *part* of the *res gestæ*, as a memorial made by the parties, and in their presence at the time the transaction occurred. So we think that the judgment was right on this ground.

2. This makes it unnecessary to consider the other. As repeatedly ruled, however, we repeat that we are reluctant to interfere with the first grant of a new trial where the judge is dissatisfied with the verdict, and thinks it decidedly against the evidence; and where such grant is also supported by evidence improperly withheld from the jury, we cannot legally, we think, overrule the grant of the new trial.

Judgment affirmed.