## HARROLD *v.* SMITH.

Even if in any case a cash payment on a note can be proved by introducing on the trial of a suit on the note the books of account of the defendant, there was no error in the present case in excluding what was claimed to

be the book of account; the same being only a part of a mutilated book, not fastened together, some of the leaves being torn and many of them entirely gone.

Submitted May 10, — Decided June 10, 1899.

Certiorari.    Before Judge Butt.    Marion superior court. October term, 1898.

*Lumpkin & Dunham* and *Simeon Blue*, for plaintiff in error.

COBB, J.  Mrs. Smith sued Harrold in the county court, on a promissory note.  The defendant filed a plea of payment. At the trial the plaintiff introduced the note sued on, and closed.  The defendant then offered to testify that he had paid the note in full to Lumpkin, one of the partners of the firm of Smith & Lumpkin, to whom the debt was originally due; and who held the note for collection.  The plaintiff objected to this testimony, on the ground that Lumpkin was an insane person. The objection was sustained, and the witness was then withdrawn.  A witness for the defendant testified that he saw the defendant in 1888 pay Lumpkin some money, but did not know how much.  He saw the defendant with some bills and some silver, but could not say how much.  Defendant then offered in evidence part of a memorandum-book, after having testified that the same was his book of original entry, that he kept no clerk, and that he made the entry of payment in the book, and that he offered it to show the payment of the note sued on.  There was evidence that the defendant kept correct books.  The court inspected the book, which was in a mutilated condition, being only part of a book and not fastened together, and some of the leaves being torn and many of them entirely gone.  To the introduction of the book objection was made on "the ground that it was not such a book as the law contemplates should be used in evidence, that the rules of the statute had not been complied with for the introduction of books, and for the reason that a man could not make a memorandum of a fact and introduce it in evidence when he would not be allowed to testify to said fact."  These objections were sustained, and judgment was then rendered in favor of the plaintiff for the amount sued for.  The defendant carried the case by certiorari to the superior court; the only errors alleged

in the petition being the refusal of the county judge to permit the book to be introduced in evidence, and rendering judgment in favor of the plaintiff. There was no assignment of error on the refusal to allow the defendant to testify in his own behalf. The certiorari was overruled, and the defendant excepted.

The admissibility of books of account in favor of the party keeping them was a departure from the well-settled rules of evidence. They are really the declarations of a party in his own interest, and the rule admitting them arose from the necessity of the case. *Creamer* v. *Shannon*, 17 *Ga.* 65; *Slade* v. *Nelson*, 20 *Ga.* 365; *Bracken* v. *Dillon*, 64 *Ga.* 243. A sale and delivery of goods may be proved by the introduction of books of account, but, with few exceptions, the courts hold that they are inadmissible to prove cash transactions, and probably no court would hold that a memorandum-book of a party, containing an entry of payment of a note, is admissible in the trial of a suit on the note, to prove that the same has been paid. In the case of *Petit* v. *Teal*, 57 *Ga.* 145, this court held that a book of account was properly excluded, for the reason, among others, that it was not admissible for the purpose of proving cash transactions. It was there said that "there would seem to be good reason for admitting books to prove very small sums of cash advanced in the regular course of business; but where the amount is of such importance that a receipt or some written evidence might be reasonably called for by the party, books alone would be unsafe." It was further said in that case that by reason of a party's being competent as a witness for himself, the reason of the rule for the admissibility of books is much abated. See also *Bracken* v. *Dillon*, supra. In the case of *Mercier* v. *Copelan*, 73 *Ga.* 636, it was ruled that books relating exclusively to cash transactions were not admissible to establish such items. See also Bradner, Evid. 304, § 21; 9 Am. & Eng. Enc. L. (2d ed.) 931, note 1.

But conceding that cash transactions could be proved in this manner, we think that in the present case the book was properly rejected. It was in such a mutilated condition that the judge was evidently of the opinion that it was not free from

the suspicion of fraud.    We can not say that he erred in this conclusion.    It was only part of a book and not fastened together.    Some of the leaves were torn in two, and many of them were entirely gone.    Such a book was not admissible in evidence.    See, in this connection, *Doster* v. *Brown*, 25 *Ga.* 24; *Cheever* v. *Brown*, 30 *Ga.* 904; Civil Code, § 5182.    We conclude, therefore, that the petition for certiorari does not show that there was any such error committed by the county judge in excluding the book offered in evidence by the defendant as would require a reversal of his judgment on this ground; and as there was evidence warranting a judgment in the plaintiff's favor, the judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed.    All the Justices concurring.*