### 9224.   SHIELDS *v.* CARTER *et al.*

1. There is no merit in the contention that the court erred in charging the provisions of section 5732 of the Civil Code (1910), relating to the proper rules for determining where the preponderance of evidence lies, without further instructing the jury that in thus weighing testimony the witness must be of equal credibility. The code section, as given in full to the jury, includes within itself the duty of considering the credibility of witnesses, along with the other rules there laid down for their guidance. In the case of *L. & N. Railroad Co.* v. *Rogers*, 136 *Ga.* 674 (3), 676 (71 S. E. 1102), the error lay in presenting the other rules governing the weight of testimony, while omitting any proper instruction to the effect that the credibility of witnesses is also to be considered in connection therewith.

2. Where a suit against a warehouseman is based solely upon the alleged breach of an expressed contract, and the court properly charges the jury upon the rules of law pertaining to the rights of plaintiff and the liability of defendant under the contentions as made, it is not error for the court to omit from its charge the principle of law embodied in section 3503 of the Civil Code (1910), governing the liability of warehousemen for a failure to exercise ordinary diligence.

3. Entries made in the regular and usual course of business, and which it was the custom and duty of the enterer in such manner to make, are ordinarily admissible as a circumstance on behalf of a defendant making them for the purpose of corroborating his denial of the plaintiff's claim.

DECIDED JULY 12, 1918.

    Action for breach of contract; from Jackson superior court— A. C. Wheeler, judge pro hac vice.   September 1, 1917.

    J. C. Shields sued W. A. and J. Z. Carter as warehousemen, alleging: that in March, 1914, he stored with defendants 58 bales of cotton; that at the time the cotton was stored, it was agreed between the plaintiff and the defendants that defendants would

charge him twenty-five cents a bale per month to store and insure the same, and that it was expressly agreed by the defendants that the cotton should be stored and insured, and be kept fully insured by the defendants for its full value; that on or about May 23, 1914, the warehouse of the defendants and the plaintiff's cotton stored therein were entirely destroyed by fire; that after the fire it developed that the cotton was never insured by the defendants as they undertook to do; that the cotton at the time it was destroyed was worth $3,993.78; and the plaintiff sued for this amount, alleging that his loss occurred by virtue of the defendants' failure to comply with their contract. The plaintiff alleged also a breach of the warehousemen's duty of ordinary diligence, but by an amendment to the petition, expressly waived the tort, and relied solely upon the breach of the alleged contract. The defendants denied that there was any such contract as alleged by plaintiff, and in their answer set up that the cotton was brought to the warehouse by the plaintiff, with the understanding simply that he was to pile it up in the warehouse, and he was afterwards to decide whether or not he would have it weighed and insured; that in the event he decided to have the cotton weighed and insured, he was to so notify defendants, who would then issue to him a warehouse receipt or certificate for the cotton after it was weighed, showing that it was insured; that the cotton was placed in the warehouse in accordance with this understanding; that it was never weighed by the defendants, nor did they agree to insure it, because they were not requested to do so; that the plaintiff never paid nor agreed to pay them anything for storing the cotton, nor did he ever ask or instruct them to weigh and insure the same. One of the grounds of the motion for a new trial is to the effect that the court erred in admitting in evidence, over the plaintiff's objection, the warehouse books of defendant, purporting to be a record of all cotton stored and insured by defendant, and which did not include a record of the cotton involved in the suit; the objection made being that this book was merely a self-serving declaration of defendant, made in his own interest, and was for this reason inadmissible.

T. W. Rucker, Erwin, Rucker & Erwin, J. A. B. Mahaffey, for plaintiff.

P. Cooley, W. W. Stark, for defendants.

JENKINS, J. (After stating the foregoing facts.) Some elaboration of the third headnote seems appropriate. Under the law as it originally obtained, a party was not permitted to prove his account by his own testimony, and for this reason it was necessary for him to show by the clerk who actually furnished the articles that the charge was a proper one. From the necessity of the case it was therefore held, in early decisions of the Supreme Court, that under certain conditions accounts of merchants and shopkeepers might be proved by the introduction of their books, provided it was shown that no clerk was kept, or that for any reason he could not testify. These rulings afterwards became embodied in the code, and by legislative enactment were extended so as to apply not only to merchants and shopkeepers, but also to physicians·and blacksmiths, and finally to farmers, dairymen, and planters, and all other persons doing a regular business and keeping daily entries thereof. After the change in the law whereby parties themselves became competent witnesses, these provisions of the code, although in effect a departure from the general rule against the admission of declarations of a party in his own interest, were nevertheless retained. It was stated by Judge Bleckley in *Petit* v. *Teal,* 57 *Ga.* 145, 148, that while this change in the law might have a bearing upon the subject, since the necessity for the rule had abated in force, it was nevertheless his opinion that even though the party himself had been made competent to testify, the book should still be admissible as tending to support his credit. See also *Reviere* v. *Powell,* 61 *Ga.* 30, 32 (34 Am. R. 94). Since, however, as already stated, the provision of law permitting the *proof* of accounts by such books of entry still remains embodied in the law of the code (Civil Code of 1910, § 5769), it would seem that where no clerk is kept, or where for any reason the clerk is unable to testify, such books are still admissible, not only for the purpose of corroborating the testimony of the party, but also in order to actually prove the account, where it can not otherwise be definitely established. *Harper* v. *Hammond,* 13 *Ga. App.* 238 (3), 240 (79 S. E. 44). It has been held by this court that even though no proof is made that no clerk was kept, or that he was unable to testify, such books are nevertheless admissible for the purpose of corroboration. *Bush* v. *Fourcher,* 3 *Ga. App.* 43 (59 S. E. 459) ; *Tifton &c. Railway Co.* v. *Butler,* 4 *Ga. App.* 191 (60 S. E. 1087) ; *May* v. *McCarty,* 11

*Ga. App.* 454 (75 S. E. 672). In the case now before us no objection to the introduction of the defendants' books is made upon the ground that no foundation therefor had been laid, and therefore we will only consider the ground of objection actually raised. *Bond* v. *Watson,* 20 *Ga.* 135; *Cox* v. *Cody,* 75 *Ga.* 175; *Giles* v. *Vandiver,* 91 *Ga.* 192 (17 S. E. 115).

The contention of the plaintiff is that the books of defendant were merely self-serving declarations made in his own interest, and were for that reason inadmissible. It is true, as already stated, that the admission of a party's books of account in his own behalf is in any case a departure from the general rules of evidence. *Harrold* v. *Smith,* 107 *Ga.* 849, 851 (33 S. E. 640). Code section 5769, supra, provides that certain books of account, upon compliance with named conditions, are admissible *as proof* of accounts. Are such books likewise admissible on behalf of a defendant as tending to disprove a claim made by the opposite party? In *Petit* v. *Teal,* supra, the books offered by defendant were held incompetent, but not for the reason that they were offered by the defendant in disproof of the items of suit. They were held inadmissible upon the principle of another rule, to the effect that book entries are not competent to prove casual cash advances not made in the regular and usual course of the business involved, since in such a case it ought to be within the power of the party to furnish a higher form of testimony, such as a receipt taken or a note given. See 10 R. C. L. 1187, § 384. This rule was also recognized in *Harrold* v. *Smith,* supra, but there the books offered by the defendant were rejected for the reason that they appeared to be mutilated. In neither of these cases is there any intimation by the court that had these books been properly kept and had they pertained to items of competent subject-matter, they would have been inadmissible on behalf of the defendant keeping them, under the general rules of evidence. See also *Ganahl* v. *Shore,* 24 *Ga.* 17. In our opinion, entries made in the regular and usual course of business, and which it was the custom and duty of the enterer in such manner to make, are ordinarily admissible as a circumstance on behalf of the defendant making them, for the purpose of corroborating his denial of the plaintiff's claim. 5 Enc. Ev. 263 (7). It has been sometimes stated that books of account are admissible only as affirmative evidence, and not for the purpose of establishing a negative

proposition. 10 R. C. L. 1187, § 383; 52 L. R. A. 689, note X, appended to the decision in Hall v. Chambersburg Woolen Co., 187 Pa. 18 (40 Atl. 986, 67 Am. St. R. 563). In the instant case no objection is made to their admission on this ground. Moreover, there are numerous decisions to the effect that where in the regular course of business certain entries should appear upon an appropriate record, if certain transactions were had, the production of such record showing the omission of such entries is some evidence to be taken as a circumstance tending to support the credibility of positive testimony which negatives the actuality of such transactions. 5 Enc. Ev. 267 (10).

    *Judgment affirmed. Wade, C. J., and Luke, J., concur.*