19957. CRUMP *v.* BANK OF TOCCOA.

*J. C. & H. E. Edwards,* for plaintiff.

*Fermor Barrett,* for defendant.

BELL, J. Mrs. F. K. Crump brought suit against Bank of Toccoa to recover $10,798.64 alleged to have been deposited in the bank in various amounts during a period of several years. The defendant filed a plea denying the correctness of the account as pleaded by the plaintiff, but admitting certain deposits, which it claimed to have paid on checks drawn by the plaintiff. The case was referred to an auditor, whose report was favorable to the defendant. To this report the plaintiff filed exceptions of law, which the court overruled, and exceptions of fact, upon which there was an adverse finding by the jury. The plaintiff made a motion for a new trial, which the court refused, after which the plaintiff brought the case to this court.

Numerous questions are raised by the record, and all of them have been considered; but it is deemed necessary to deal expressly or specifically only with the points referred to in the following opinion, since the rulings we shall make upon these will substantially cover the entire case.

A book of the defendant bank, containing the account with the plaintiff customer, was admissible in evidence in behalf of the defendant, on proof by the cashier that the book tendered was the book of original entries, kept by persons whose duty it was to record, and who did record, the entries therein in the regular course of business, it further appearing on inspection by the court that the book was free from suspicion of fraud, and other customers having testified that the bank usually kept correct books.

It was not necessary to the introduction of such book that the teller or other employee who actually transacted the business should be called and examined as a witness. *Bower* v. *Smith,* 8 *Ga.* 74 (2); *Fielder* v. *Collier,* 13 *Ga.* 496 (2); *Bailey* v. *Barnelly,* 23 *Ga.* 582 (4); *Schaefer* v. *Georgia Railroad,* 66 *Ga.* 39 (2); *Dunlap* v. *Hooper,* 66 *Ga.* 211; Continental National Bank *v.* Nashville Bank, 108 Tenn. 374 (68 S. W. 497); Furness *v.* Cope, 5 Bing. 114, 15

E. C. L. 498, 130 Reprint, 1004; 22 C. J. 868, 885; 9 Am. & Eng. Enc. Law (2d ed.), 925. The present case is distinguished by its facts from the case of *Hollis* v. *State*, 152 *Ga.* 182 (2, 3) (108 S. E. 783).

What was introduced was not really a book in the ordinary sense, but consisted of detachable sheets taken from a "loose-leaf ledger" and contained a record of the account between the parties. These documents, however, will be treated as a book, and, for convenience herein, will be called a book, since such leaves or sheets may be removed from the ledger containing them and introduced in evidence upon the same footing and under the same principles as are applicable to the introduction of books of account, where the proper foundation of such evidence is otherwise laid. It is immaterial whether the original entries of the account be made in a book or on separate sheets of paper, the requirement as to this matter being that the document shall comprise an account of the dealings between the parties and shall be primary and original. *Taylor* v. *Tucker*, 1 *Ga.* 231 (2.); *Bush* v. *Fourcher*, 3 *Ga. App.* 43 (3) (59 S. E. 459); 22 C. J. 870, and cit.

That books so tendered in evidence are those of a banker and not of a merchant or tradesman, and relate to cash transactions rather than to the sale of goods or the performance of services, would not render the books inadmissible under the shop-book rule, although in other lines of business than banking, where a cash item is so large or unusual that a receipt or some written evidence would likely be required from the recipient by the other party, book evidence alone might be rejected as unsatisfactory. Since it is the custom of banks to deal mainly in cash transactions, the books used in such business may be admitted as evidence of such transactions, and in reference to all amounts alike, in the absence of other reason for excluding them. See, in this connection, *Ganahl* v. *Shore*, 24 *Ga.* 17 (2); *Merchants Bank* v. *Rawls*, 7 *Ga.* 191 (3) (50 Am. D. 394); *Banks* v. *Darden*, 18 *Ga.* 318 (5); *Pelit* v. *Teal*, 57 *Ga.* 145; *Reviere* v. *Powell*, 61 *Ga.* 30 (34 Am. R. 94); *Bracken* v. *Dillon*, 64 *Ga.* 243 (2) (37 Am. R. 70); *Mercier* v. *Copelan*, 73 *Ga.* 636 (2); *Harrold* v. *Smith*, 107 *Ga.* 849 (33 S. E. 640); *Baldwin State Bank* v. *National Bank of Athens*, 144 *Ga.* 181 (2) (86 S. E. 538); 22 C. J. 878.

That the deposits and withdrawals were evidenced by deposit

slips and checks respectively will not prevent the books of a bank from being received in evidence as books of original entry, where the transactions are thereafter in the ordinary course of business entered in the books as the permanent form of record. *Hayden* v. *Atlanta Cotton Factory,* 61 *Ga.* 233; *Baldwin State Bank* v. *National Bank of Athens,* supra; *Bush* v. *Fourcher,* supra; *Harper* v. *Hammond,* 13 *Ga. App.* 238 (3) (79 S. E. 44).

The act of 1843 providing for the admission of books in evidence (Cobb's Dig. 275; Civil Code of 1910, § 5769) was a statutory recognition of existing rules of evidence (see the decision of the Supreme Court in *Bracken* v. *Dillon,* 64 *Ga.* 243), and, being thus declaratory of accepted principles, was not intended to express the only conditions upon which books of account may be admitted in evidence. This conclusion necessarily follows from those decisions which hold that books of account may be admitted in evidence in some cases without proof that no clerk was kept or that he was unable to testify,—in face of the fact that such proof is one of the conditions specified in the statute. So, in the present case, the circumstance that the bank may have had a clerk or clerks whose testimony was unaccounted for did not constitute a good objection to the introduction of the documentary evidence offered as a book of account between the plaintiff and the defendant. *McDaniel* v. *Trulock,* 27 *Ga.* 366; *Hinkle* v. *Smith,* 127 *Ga.* 437 (3) (56 S. E. 464); *Shields* v. *Carter,* 22 *Ga. App.* 507 (3) (96 S. E. 330); *Robinson* v. *McCommons,* 24 *Ga. App.* 106 (3) (100 S. E. 43).

■ "Before secondary evidence of a paper can be admitted, the party proposing it must, in good faith, and in a reasonable degree, have exhausted all the sources of information and means of discovery accessible to him, in efforts to account for the original." *Molyneaux* v. *Collier,* 13 *Ga.* 406 (3). The sufficiency of the evidence as to the loss or destruction of the original is usually a matter for determination by the trial court, whose discretion will not be controlled upon review if there is any reasonable ground to warrant its exercise. *Cox* v. *McDonald,* 118 *Ga.* 414 (2) (45 S. E. 401).

In the present case the foundation was sufficiently laid for the introduction of the secondary evidence offered by the defendant as to checks drawn by the plaintiff and paid by the defendant as

against the plaintiff's account, a witness testifying that he had examined such checks in the possession of an attorney for the plaintiff who had since died, and the evidence further showing that the checks could not be found among the papers or effects of such deceased attorney after diligent search. It is immaterial that a notice to produce was not served upon the plaintiff, since she claimed and testified that no such checks were ever in existence (the issue as to which, however, was a matter for the jury), so that it appeared from the plaintiff's own contention that such a notice would have been useless or ineffectual. *Carr* v. *Smith,* 58 *Ga.* 361.

■ A statement in the defendant's answer that a certain paragraph of the petition "is denied as stated" constitutes a denial of the allegations of that paragraph, and does not amount to such an equivocation or evasion that the averments of the petition should be taken as admitted; and the more especially is this true where the plaintiff has suffered a trial to be had upon the merits, without demurring to the answer or otherwise calling it into question until after verdict in the defendant's favor. *Southern Crushed Stone & Granite Co.* v. *Dorn,* 37 *Ga. App.* 564 (141 S. E. 59).

■ There was no merit in any of the plaintiff's exceptions of law to the auditor's report, and all of such exceptions were properly overruled. The evidence authorized the verdict in favor of the defendant and against all the plaintiff's exceptions of fact. There was no error in the charge of the court, nor in the refusal of any of the requests to charge, such of the requested instructions as were not incorrect being substantially covered by the general charge. The hearing before the auditor and the trial in the superior court were both free from error, and the judgment refusing a new trial can not be disturbed by this court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*