37745. BROWN *v.* CARMANNI *et al.*

DECIDED SEPTEMBER 9, 1959.

*Eva L. Sloan,* for plaintiff in error.

*Robert H. Green,* contra.

CARLISLE, Judge. ■ The first and second special grounds of the motion for new trial complain of error because the trial court stated to the jury near the beginning of his instructions to them, and while stating the contentions of the parties as set forth by their pleadings, "The defendant, Carmanni, for further plea and answer, *shows* that he had a separate agreement with Harry Brown to haul certain material at a price of 12¢ per cubic yard plus an additional price of 2.02¢ per cubic yard overhaul per each load of material that this defendant hauled," and, "And for further plea and answer, the defendant Cox, *shows* that he had a separate agreement with Harry Brown to 'haul certain material at a price of 12¢ per cubic yard plus an additional price of 2¢ per cubic yard plus an additional price of 2¢ per cubic yard overhaul for each load of material that the defendant, Cox, hauled.'" It is contended that these instructions were equivalent to statements by the court of an opinion as to what had been proved by the defendants in the case, and that they were confusing, misleading and prejudicial to the plaintiff in that they led the jury to believe that the defendants had proved their case or that they were relieved of the burden of proving their case by a preponderance of the evidence.

This contention is without merit. Prior to making the state-

ments complained of, the court had stated to the jury that the plaintiff in his petition made the following contentions and he then stated substantially the contentions as set forth in the petition of the plaintiff. After doing that the court told the jury, "To this petition, gentlemen, the defendants have filed separate answers. The defendant, M. C. Carmanni, contends: He admits paragraph 1 of the petition and denies paragraphs 2, 3, 4, 5 and 6 of the petition as pleaded. When you go to your jury room, gentlemen, you will have the petition and the defendants' answers out with you; and by reference to the petition and to the answers, you can determine to what paragraphs in the petition the defendants make reference." The court then made the statements to the jury which are complained of in these grounds, and immediately following those statements the court instructed the jury: "Now, I have stated to you substantially the contentions as made in the plaintiff's petition and the separate answers of the defendants. These papers will be out with you when you go to your jury room and should be referred to by you for a more detailed statement of the written contentions of the parties. I call your attention to the fact that the plaintiff's petition and the defendants' answers are not evidence, but such facts as you may find to be admitted in the defendants' answers, if any, in response to the allegations of the plaintiff's petition, you may consider as established fact. But with that exception, the pleadings are solely for the purpose of determining the issues in the case.

"The burden is on the plaintiff in this case; that is, Harry Brown; to make out his case; that is, his right to a verdict at your hands, by what the law calls a preponderance of evidence. Insofar as the defendants, Carmanni and Cox seek to recover judgments against Mr. Brown, the burden is upon them to make out their right to such verdict, or verdicts, by a preponderance of evidence." Next followed the usual instructions as to the preponderance of the evidence. The language used in stating the contentions of the defendants was taken from their answer and cross-action, and when viewed in its context as set forth above, it cannot be said that it constituted an expression of opinion by the court or that the jury was misled thereby. *Roberts* v. *Foster*, 86 *Ga. App.* 131, 136 (70 S. E. 2d 875).

■ Special grounds 3, 4, 5 and 6 all complain of various portions of the charge to the jury on the grounds in substance that the court omitted to charge in connection with the various portions excepted to in those grounds other pertinent propositions of law. Special ground 3 refers to a portion of the charge which instructed the jury that if they should find that the plaintiff was entitled to recover from the defendants jointly, and if they should find that the defendants were entitled to recover from the plaintiff jointly on their claim, then the jury would be authorized to set off the respective sums so found and return a verdict for the excess, if any, and error was assigned thereto on the further ground that it was confusing, misleading and prejudicial to the plaintiff in that it led the jury to believe that the plaintiff could not recover on his petition alone without a finding for the defendants. Special ground 6 refers to a portion of the charge in which the court instructed the jury as to the questions they were to decide with respect to the contentions of the plaintiff in his petition and with respect to the contentions of the defendants in their answers. The court instructed the jury with respect to the first that they should first determine whether the plaintiff and the defendants entered into a joint contract as alleged in the petition; and, second, if they found there was such a contract, had there been a breach thereof, and, if so, what damage did the plaintiff sustain, and that, with respect to the cross-actions, the question for their decision was what sum, if any, was the defendant Cox entitled to recover from the plaintiff, and what sum, if any, was the defendant Carmanni entitled to recover. It is contended in this ground, in addition to the other contentions made, as referred to above, that this instruction was erroneous in that the charge amounted to an expression of an opinion and that it relieved the defendants of the burden of proving to the jury the allegations contained in their cross-action and left only the question as to what sum the defendants were entitled to recover for the jury's consideration.

As to the assignments of error contained in these four grounds, insofar as they attempt to assign error on these portions of the charge on the ground that the court failed to charge the

jury in connection therewith other pertinent propositions of law, "It has been repeatedly held by both this court and by the Supreme Court that an instruction, correct in and of itself, is not rendered erroneous by the mere failure of the trial court to give in connection therewith also another pertinent and legal instruction. *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (3), 509 (71 S. E. 887); *Morgan* v. *Brown,* 71 *Ga. App.* 401 (2) (31 S. E. 2d 208); *Belvin* v. *Beard,* 77 *Ga. App.* 681 (2), 685 (49 S. E. 2d 546)." *Burton & Class* v. *Connell,* 84 *Ga. App.* 106, 109 (65 S. E. 2d 620).

With respect to the other assignments of error contained in special grounds 3 and 6, as set forth above, it is sufficient to say that the portions of the charges referred to in those grounds are not subject to the criticisms thus leveled at them, and it follows that the trial court did not err in overruling special grounds 3, 4, 5 and 6.

■ Special ground 7 assigns error on the whole charge on the ground that it was confusing, misleading and prejudicial to the plaintiff in that it was wholly lacking in proper instructions, and expressed opinions of the court that were prejudicial and harmful to the plaintiff. "An exception to an entire charge is not good unless the whole charge is subject to such exception." *Callahan* v. *State,* 209 *Ga.* 211 (5) (71 S. E. 2d 86), and cits.; *Stansell & Rape Bros.* v. *City of McDonough,* 50 *Ga. App.* 234 (8) (177 S. E. 749); *Georgia Northern Railway* v. *Hathcock,* 93 *Ga. App.* 72, 75 (91 S. E. 2d 145). No assignment of error is contained in the motion for new trial on the refusal of the court to charge a timely and pertinent written request. No assignment of error is made in the motion for new trial on the failure to charge without request the law as relating to specific issues or on principles which were necessarily involved in the case. An examination of the charge as a whole clearly shows that, at least, portions of the charge stated pertinent, applicable and correct legal principles which were adjusted to the pleadings and the evidence. This ground shows no cause for reversal.

■ Special ground 8 complains because the court excluded from evidence copies of certain bills showing charges for gasoline made

to the defendants Carmanni and Cox, and as shown thereon, used by different individuals in their trucks in performing the work under the contract sued on. If it can be said that this evidence was of any value at all, its sole purpose could have been only to prove the existence of the partnership between the defendants. However, the record · shows that the court had already directed a verdict against the defendants and in favor of the plaintiff, movant, as to this issue. Consequently, it is not shown in this ground of the motion how the plaintiff could have been harmed by the exclusion of this evidence, and it follows that this ground shows no cause for reversal.

■ The ninth special ground complains because the court excluded from evidence the plaintiff's exhibits 7, 8 and 9, which it appears from the exhibit attached to the motion were compilations of the items of damage the plaintiff claimed to have suffered as the result of the breach of the contract by the defendants. Assuming for the purpose of this decision that this evidence was admissible had a proper foundation been laid therefor, the mere recitation in this ground of the motion to the effect that counsel for the plaintiff stated upon objection being made to the introduction of the evidence that the plaintiff had testified that he prepared these records himself and that they were from his actual records prepared by him, is wholly insufficient to show that a proper foundation had been laid for their introduction. Indeed, if they were admissible at all, it was at least necessary that there be some testimony in the record as to the correctness and veracity of each item of damage shown in these compilations. See, on this question, *Creamer & Graham v. Shannon,* 17 *Ga.* 65 (63 Am. Dec. 226); *Bracken & Ellsworth v. Dillon & Sons,* 64 *Ga.* 243, 248; *Printup, Brother & Pollard v. James,* 73 *Ga.* 583, 586; *Harrold v. Smith,* 107 *Ga.* 849 (33 S. E. 640); *Scott v. Kelly-Springfield Tire Co.,* 33 *Ga. App.* 297 (9) (125 S. E. 773); Zemp Construction Co. *v.* Harmon Bros. Construction Co., 225 S. C. 361 (2) (82 S. E. 2d 531).

While it is no longer necessary that each ground of the motion for a new trial be complete and understandable within itself (Ga. L. 1957, pp. 224-232; Code, Ann., § 6-901; *Harris v. State,* 96 *Ga. App.* 395, 400, 100 S. E. 2d 120), it is, never-

theless, still necessary that the plaintiff in error show in each ground of his motion facts set forth therein or by specific reference to the places in the record where such facts may be found which show that error has been in fact committed. *Webb* v. *Walker*, 213 *Ga.* 285 (1) (99 S. E. 2d 75). As to the assignments of error contained in this ground, it is impossible for this court to ascertain from any facts set forth therein or from any reference to the record set forth therein whether the trial court committed any error in excluding this evidence. It is impossible to ascertain from this ground whether there had been any testimony by any witness, competent to testify as to such facts, as to the truth of the items in the compilation, and, if so, where in the record such testimony might be found. In order for this court to ascertain this fact, so as to be able to rule intelligently on the merits of the contentions made by this ground, it would be necessary to search the brief of the evidence containing some 140 pages of transcript of the oral testimony, to find testimony supporting the truthfulness of the items set forth in the compilations. This the court will decline to do. For this reason, this ground of the motion fails to show harmful or reversible error in the exclusion of these documents.

█ Special ground 10 complains because one of the defendants was permitted to testify, over the objection that the same was a conclusion, that on a particular morning in question there were enough trucks on the plaintiff's job to keep the job in operation. In view of the fact that this witness and other witnesses testified that the trucks of the defendants, together with those of other truckers who were employed on the job, had to wait for varying periods of 15 to 30 minutes to get loaded at times, and that they always had to wait five or ten minutes to get loaded and that because of this fact they were able to haul only 29 or 30 loads a day when they should have been able to haul twice that number of loads had the plaintiff's equipment loaded them rapidly, this testimony could not have been harmful or prejudicial to the plaintiff. If this evidence was, as contended, merely a conclusion of the witness, it was amply supported by facts testified to. It follows that this ground does not show harmful error.

124

■ The evidence was ample to support the verdict. The defendants testified that the plaintiff knew at the time he employed them that they had another job with another contractor to perform, and that they would have to pull their trucks off the job in order to meet that commitment whenever the other contractor was ready for them. The defendants denied that the arrangement that they had with the plaintiff was anything more than a day-to-day employment to haul dirt for the plaintiff at so much per yard and so much per unit yard, which appears under the evidence to have been equivalent to one cubic yard hauled one-half mile. The plaintiff admitted in his own testimony that he owed the defendants for the work which they had done, less a $100 advance which he had made to each, and he claimed that he was merely waiting to pay them until they advised him of the amount which he owed them. The defendants testified as to this fact, and the verdict for the defendants was in accordance with their testimony in this regard, as adjusted by the $100 credit as to each of them. It follows that the general grounds of the motion for new trial are without merit, and the trial court did not err in overruling them.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*