### HAYWOOD *v*. THE STATE.

1. A ground in a motion for a new trial alleging that "the court committed error in that portion of his charge to the jury which stated the theory of the State, and the circumstances relied on by the State to connect the defendant with the alleged crime, without stating the theory of the defendant and circumstances relied on by him to establish his innocence," is vague and indefinite. The movant should have set forth those portions of the charge referred to in the language above quoted, and the theories, respectively, of the State and the accused, in order to enable this court to understand and pass upon the alleged errors complained of.

(*a*) So far as this case is concerned, it does not appear that the accused had any theory other than a general denial of guilt, and the charge given was full, fair and impartial.

2. The evidence, though entirely circumstantial, was sufficient to authorize the jury to infer guilt on the part of the accused; and the trial judge having approved their finding, the conviction will be allowed to stand.

February 13, 1893.

Criminal law.   Charge of court.   New trial.   Before
Judge MARTIN.   Muscogee superior court.   November
adjourned term, 1892.

Conviction of burglary.   A new trial was asked on
the general grounds and the special ground stated in
the first head-note.

The State proved the commission of the burglary and
the stealing of three pairs of shoes from the storehouse
which was entered.   One pair of these was found on the
feet of one Rivers.   The entrance into the storehouse
was probably effected through the office window, the
fastening of it being found broken.   Under the office
window were found two old pairs of shoes, one pair being
of patent leather with a hole in one of them.   A light
was kept burning in the store, and through a glass door
a witness saw a barefoot mulatto boy of the defendant's
size jump out and run up stairs, and supposed he went
out of a window which was found open.   Three wit-
nesses testified to having seen the defendant (Haywood)
wearing a pair of patent leather shoes on the day before
the burglary, one of which had a hole in the side ; and
expressed their belief that the shoes exhibited to them
were the same ones.   The defendant was in his stocking
feet when arrested, about half past ten.   Rivers testified,
for the defendant, that the shoes heretofore referred to
were his; that he pleaded guilty to an indictment for
breaking open the storehouse in question; that he
bought those shoes in Atlanta (the burglary was com-
mitted in Columbus); did not know who he bought
them from; bought them on 9th street in July, 1892 ;
never said in the preliminary trial that defendant Hay-
wood was there and went in that house; never said he
and Country and Wilson and witness went in that store.
In rebuttal a witness testified that he was present at the
preliminary trial of Rivers; that Rivers said, in relation
to the burglary, that those boys, naming Wilson, Country

and Haywood, came to him and proposed to go up to the store that night, and identified Haywood as being with the crowd but not as inside the store; and that he denied going in himself, but said he stood outside, did not wait until they came, they were gone too long, etc. He pleaded guilty to larceny from the house.

D. L. PARMER, by C. J. THORNTON, for plaintiff in error.

S. P. GILBERT, solicitor-general, by brief, *contra.*

LUMPKIN, Justice.

1. Assignments of error should be clear, distinct and specific. The fourth ground of the motion for a new trial, the substance of which is quoted in the first head-note, is wanting in these essentials. In order to enable the court below, or this court in reviewing its judgment, to ascertain what was meant by the language used in this ground, it would be necessary not only to closely scrutinize the evidence, but also to carefully examine the entire charge. Even after doing this, it would by no means be certain that the court would correctly understand what the movant had in mind and relied on as constituting, respectively, the " theories " of the State and of the accused. It would at last be, to some extent, a matter of conjecture what this ground of the motion really meant. We cannot undertake to construe and pass upon assignments of alleged error set forth in this vague, indefinite and uncertain manner.

Upon looking into the record, however, it does not, so far as we can ascertain, appear that the accused had any particular " theory " other than a general denial of guilt. The only witness for the defence confessed a guilty participation in the crime, and his evidence, if true, tended to show that the accused had nothing to do with it. The State, recognizing the fact that this witness was implicated in the commission of the burglary, sought to show, and did show to the satisfaction of the jury, a guilty participation in the crime on the

part of the accused also. The prisoner denied the existence of such complicity, and this, it seems, was the only "theory" he had. The charge, upon a general reading, seems perfectly fair and impartial, and appears to sufficiently cover the issues involved; and as the motion does not set forth and complain of any particular portion of it as erroneous, we do not feel called upon to discuss it further.

2. The evidence is entirely circumstantial, and does not make a strong case against the accused; but after a careful examination of it, this court is unable to say that the trial judge abused his discretion in holding that it was sufficient to warrant a verdict of guilty, and accordingly the judgment is                     *Affirmed.*