DAVIS v. THE STATE.

LUMPKIN, J.—The charge of the court was warranted by the facts in evidence, and was free from error; the requests to charge were properly denied; and the evidence warranted the verdict. There was no error in overruling the motion for a new trial.

October 8, 1894.                                            *Judgment affirmed.*

Indictment for murder.   Before Judge FALLIGANT. Chatham superior court.   June term, 1894.

NICOLSON & McKETHAN, for plaintiff in error.

J. M. TERRELL, attorney-general, and W. W. FRASER, solicitor-general, *contra.*

---

BUSH v. THE STATE.

SIMMONS, C. J.—Several of the grounds of the motion for a new trial fail to distinctly allege error, and are too vague for consideration; the alleged newly discovered evidence, for aught that appears, was known to at least one of the counsel for the accused before the verdict was rendered; the alleged misconduct of the jury was satisfactorily explained; the evidence fully warranted the verdict for voluntary manslaughter, and on the whole it does not appear that any error authorizing the granting of a new trial was committed.

February 18, 1895.  By two Justices.                        *Judgment affirmed.*

Indictment for murder.  Before Judge GAMBLE.  Washington superior court.   September term, 1894.

T. W. HARDWICK and J. N. GILMORE, for plaintiff in error.   J. M. TERRELL, attorney-general, B. D. EVANS, Jr., solicitor-general, and HARRIS & RAWLINGS, *contra.*

---

FORD v. THE STATE.

SIMMONS, J.—As the whole case turned upon the credibility of the witnesses, there was no error in denying a new trial.

October 8, 1894.                                            *Judgment affirmed.*

Accusation of gaming.   Before Judge WESTMORELAND. Criminal court of Atlanta.   July term, 1894.