EASTMORE *v.* BUNKLEY *et al.*, executors, and *vice versa.*

1. An assignment of error in a bill of exceptions, complaining that the court, " over the protest of the plaintiff," allowed named persons, not parties to the original action, to file an intervention therein, and excepting generally to the allowance of such intervention, without stating what, if any, objection was made thereto when offered, does not properly present any question for decision by the Supreme Court.
2. After persons not parties to an action have been allowed to intervene therein as defendants, it is their right to file pleadings denying the plaintiff's allegations and setting up reasons why he should not have the relief sought by his petition.
3. The filing of such pleadings does not relieve the plaintiff of the burden of establishing his right to a recovery.
4. Even if constructing improvements on given realty will in any event entitle a contractor to a lien on other realty of the same owner which may be benefited or enhanced in value by reason of such improvements, it is incumbent on the contractor, in order to maintain a suit for the foreclosure of such lien on this latter realty, to clearly and distinctly identify it by evidence.
5. The evidence for the plaintiff did not, in the present case, establish his right to a foreclosure, either in whole or in part, of his alleged lien, and there was no error in granting a nonsuit.

Argued May 8, — Decided May 25, 1901.

Foreclosure of lien. Before Judge Bennet. Camden superior court. October 29, 1900.

*J. D. Sparks,* for plaintiff.
*Atkinson & Dunwody,* for defendants.

LEWIS, J. This was a petition by Eastmore against the New Cumberland Island Company, to foreclose a contractor's lien for a sum alleged to be due for constructing and repairing a certain dam and dock or pier on Cumberland Island. No defense was filed by the company, but at the trial term, over the objection of the plaintiff, the court allowed the executors of W. R. Bunkley to intervene and become parties defendant, on a petition in which they alleged that, as such executors, they held a mortgage on the realty against which the lien was sought to be established, which was for purchase-money of the property and was a superior lien ; that the defendant company was insolvent, and the property insufficient in value to pay the mortgage debt ; that the holders of the mortgage would have to pay the plaintiff's claim if his alleged lien should be established ; that these petitioners were not apprised of the foreclosure proceeding at the appearance term, and had just been ap-

prised of it for the first time; and that the defendant company's failure to defend was due to its hope to impose a charge on the mortgaged property and thereby save itself from further obligation to pay it; which was wrongful and fraudulent. An answer denying the allegations of the plaintiff's petition was filed by the intervenors, and the plaintiff moved to strike the answer, because: (1) The intervenors show no such cause as would entitle them to intervene. (2) The plaintiff is pursuing a statutory remedy, and is not proceeding on the equity side of the court. (3) It is not alleged that the defendant company is in the hands of a receiver, or likely to be so placed. (4) It is not alleged that there is a fund in hand over which a contest between the alleged mortgage and the plaintiff's lien could be had. (5) It is not alleged that the intervenors have no remedy at law. (6) Their remedy is by money rule to contest for such funds as may be realized from a sale of the property under either their mortgage or the plaintiff's lien. The court overruled this motion, and the plaintiff excepted. At the trial, before any evidence was introduced, the plaintiff contended that the burden in the case rested on the intervenors, and not on him, because: (1) The foundation of the suit was a contractor's lien, which the law required to be in writing and recorded; and this being true, it assumed the dignity of a promissory note, and being regularly declared on, if proper service was had and no defense offered by the defendant, there was no burden on the plaintiff to make out his case, and had the suit stood simply between the plaintiff and the defendant no evidence would have been necessary in order that a verdict and judgment be had in favor of the plaintiff. (2) The case was in default as between the plaintiff and the defendant, and no burden to make out a complete case in favor of the plaintiff remained. (3) The intervenors having been made parties defendant and asserted certain facts in their answer, the burden of proving these allegations rested on them. The court overruled this contention and held that the burden was on the plaintiff. At the conclusion of the evidence introduced for the plaintiff, the intervenors moved for a nonsuit, because: (1) The evidence would not warrant a recovery. (2) It was clearly shown that the contract to do work on the dam was disconnected from the property on which the plaintiff sought to foreclose his lien. (3) The plaintiff failed to prove the title of the property to have been in the

defendant at the time the work was done. (4) No compliance with his contract was shown. The court sustained the motion, and the plaintiff excepted, assigning error on each of the rulings stated. By cross-bill of exceptions error is assigned on the overruling of a demurrer to the plaintiff's petition, because : (1) No cause of action is stated. (2) The contract is not set out. (3) It is not alleged whether the contract was in parol or written; if in parol, its terms are not stated; if in writing, no copy is set out. Error is also assigned on the refusal to exclude certain documents set out in the cross-bill.

1. The only assignment of error in the bill of exceptions, by which complaint is made of the allowance by the court below of the intervention referred to in the foregoing statement of facts, is that it was allowed "over the protest of the plaintiff." It does not appear what objection, if any, was made to the allowance of the intervention at the time it was offered, and nothing more than a general assignment of error is made to this ruling. The bill of exceptions pendente lite, filed at the time the intervention was allowed, is equally vague in its assignment of error. According to the uniform rulings of this court, such an assignment of error does not properly present anything for our determination, and will not be considered. See *Truluck* v. *Peeples*, 1 *Ga.* 1; *Dunagan* v. *Dunagan*, 38 *Ga.* 554; *Jackson* v. *Jackson*, 47 *Ga.* 101 (15); *Thomas* v. *Parker*, 69 *Ga.* 284; *Mayor* v. *Moore*, 74 *Ga.* 409; *Hall* v. *Huff*, 74 *Ga.* 409; *Haywood* v. *State*, 90 *Ga.* 778; *Kehoe* v. *Hanley*, 95 *Ga.* 321; *Bush* v. *State*, 95 *Ga.* 501; *Morris* v. *Levering*, 98 *Ga.* 34; *Rodgers* v. *Black*, 99 *Ga.* 142; *Mutual Assn.* v. *Glessner*, 99 *Ga.* 747; *Fidelity Co.* v. *Anderson*, 102 *Ga.* 551; *Peavy* v. *Atkinson*, 108 *Ga.* 167; *Central R. Co.* v. *Bond*, 111 *Ga.* 14, and many other cases which might be cited to the same effect.

2, 3. As a logical conclusion of the ruling just made, we must treat the intervention as having been properly allowed by the court below; and it follows that the defendants in error, having come into court in a legal manner, are entitled to file their pleadings denying the plaintiff's allegations and setting forth their reasons why the relief prayed for in the petition should not be granted. The answer which the intervenors filed was of this nature, and the motion to strike it was properly denied. Nor do we know of any rule of law by which the filing of such pleadings by the intervenors

would relieve the plaintiff of the burden of establishing his right to a recovery.

. 4. It appears from the record that the plaintiff in error brought action in the lower court to foreclose a mechanic's lien for building a dam and dock, or pier. He claimed a lien upon real estate with which no connection whatever with this property is shown by the testimony, nor was there any evidence to show that the property upon which he claimed his lien belonged to the defendant company. It is not necessary to decide the question whether or not the construction of improvements on given realty will in any event entitle a contractor to a lien on other property of the same owner which may be benefited or enhanced in value by reason of such improvements; for, conceding that such is the case, it is certainly essential that the contractor, in order to maintain his suit for the foreclosure of his lien on the separate realty so benefited, shall clearly identify it by the evidence. Such, as has been seen, was not done by the plaintiff in error in this case.

5. We can not see that the court below erred ·in granting a nonsuit. The evidence for the plaintiff did not establish his right to a foreclosure, either in whole or in part, of the lien which he claimed ; and hence the judgment of the court below must be

*Affirmed.     Cross-bill of exceptions dismissed.     All concurring.*