CENTRAL BANK OF OAKLAND, CALIFORNIA, *v.*
GEORGIA GROCERY COMPANY.

A third person, not a party to the case, can not assert his title to property seized by the sheriff under bail process, in a trover suit, by filing a claim under the Civil Code, § 4611 et seq.

Submitted July 14, — Decided August 10, 1904.

Claim. Before Judge Reid. City court of Atlanta. November 23, 1903.

*Moore & Pomeroy,* for plaintiff in error.
*Mayson, Hill & McGill,* contra.

EVANS, J. The Georgia Grocery Company instituted a trover proceeding against J. J. & J. E. Maddox to recover certain personal property described in the petition. . In connection with its suit, the plaintiff made the statutory affidavit to require bail, and the property was seized by the sheriff. The Central Bank of Oakland, California, filed its claim affidavit and bond, in the usual form, alleging in the affidavit that the property seized by the sheriff under the trover proceedings was not the property of the defendant in the suit, but the property of the claimant. On the trial of the trover proceedings, the claim was dismissed because a " claim can not be filed and successfully entertained by a third person to property seized by a sheriff under bail-trover proceedings." The Central Bank of Oakland, California, excepts to the dismissal of its claim. The plaintiff in error relies on the Civil Code, § 4611, to sustain its contention that a third person may assert his right by filing a claim affidavit and bond where property has been seized by a sheriff in a trover and bail proceeding. That section declares that, " When a sheriff or other officer shall levy an execution or other process on property claimed by a third person not a party to such execution, such person, his agent or attorney, shall make oath to such property." Subsequent sections of the Civil Code provide for the giving of a bond, for the disposition of the property, and for the return of the claim to the proper court for trial. The contention is that when bail is required, the affidavit authorizing the seizure of the property is "process," and that the seizure is the equivalent of a "levy." The section (4611) will not bear such an interpretation. The claim laws are intended to prevent unnecessary suits and expense, by determining in advance of the sale the issue of title between the plaintiff and the claimant. The execution is levied on property as belonging to the defendant, and by a claim a third person contests with the plaintiff in execution the title of the defendant, asserting that the title is not in the defendant but in the claimant. In the ordinary claim case, the defendant in execution is not a party; the issue is joined between the plaintiff in execution and the claimant. But in a trover proceeding the defendant is a party, with all the rights of a party to insist the plaintiff prove his case and to offer evidence in resistance thereto. To allow a third person to interpose a claim in a trover proceeding would

lead to much confusion.    The claim laws were never intended to apply to trover and bail proceedings.    Process has been defined to be a mandatory precept issuing from a court.    *Brown* v. *Way*, 33 *Ga.* 191; *Hyfield* v. *Sims*, 90 *Ga.* 809.    Applying this definition to the procedure in trover cases where an affidavit has been made to require bail, the inapplicability of § 4611 is apparent.    The court issues no mandate to the sheriff to seize the property, but the statute provides that when the affidavit required by the Civil Code, § 4605, is made and a copy thereof served on the defendant, it is the duty of the sheriff to take a recognizance, payable to the plaintiff, in double the amount sworn to, for the forthcoming of the personal property to answer such judgment as may be rendered in the trover case.    If the recognizance is not given, and the property is surrendered to the sheriff, the property is not levied on by virtue of any process, but is seized by the sheriff in accordance with the statute, and possession retained to await the final result of the trover suit.

The plaintiff in trover must recover on the strength of his own title.    An outstanding title in a third person may be shown by the defendant, and will defeat a recovery.    A third person claiming title to the property which is the subject-matter of a trover suit may become a party defendant, or, in a proper case, file an intervention and have his title adjudicated.    He can not have his title settled in a proceeding where the issue of title is between the plaintiff and the defendant in the main suit, by filing the statutory claim.    The dismissal of the claim was proper.

*Judgment affirmed.    All the Justices concur.*