7943.  MIDLAND RAILWAY *v.* WEBB, next friend.

1. The plaintiff's petition set forth his cause of action in orderly and distinct paragraphs, numbered consecutively, and contained the necessary allegations of fact, including the acts of negligence, upon which he relied for recovery. The defendant's answer, "Now comes the defendant and denies that it has damaged the plaintiff in the sum of $15,000 as alleged in said petition," amounted to no answer, and placed upon the plaintiff no burden not already resting upon him under the law. Hence, exceptions to the charge of the court, upon the ground that the court invaded the province of the jury in the instructions upon the law of negligence, are without merit.
2. The evidence warranted the verdict. The further grounds of the motion for new trial are without merit.

DECIDED JUNE 15, 1917.

Action for damages; from city court of Statesboro—Judge Proctor. September 20, 1916.

*George H. Richter, Brannen & Booth,* for plaintiff in error.

*Strange & Metls, P. D. Shearouse,* contra.

GEORGE, J. The plaintiff filed suit against the railway company for personal injuries, and in the petition set forth his cause of action in orderly and distinct paragraphs, numbered consecutively. The petition contained proper averments of fact, including the acts of negligence, upon which he relied for a recovery. The defendant answered as follows: "Now comes the defendant and denies that it has damaged the plaintiff in the sum of $15,000 as alleged in said petition." The court submitted to the jury the question as to the defendant's negligence and the plaintiff's contributory negligence, and as to the amount of the damage. The jury returned a verdict for the plaintiff, and the defendant filed a motion for a new trial, and therein complained of the court's charge as to negligence, and of the failure to give in charge certain phases of the law of negligence. No exception is taken to any portion of the charge relating to the measure of damages. The motion was overruled by the presiding judge, and the defendant excepted.

The petition complies substantially with the requirements of sections 5538 and 5539 of the Civil Code (1910). The act of 1893 (Acts 1893, pp. 56, 57) commonly known as the "Neal act" (sections 5539 and 5634 of the Civil Code of 1910), (1) abolished the plea of general issue, (2) required the defendant to answer severally and distinctly each paragraph of the plaintiff's petition,

and (3) provided that any averment distinctly and plainly made in the plaintiff's petition which is not denied by the defendant's answer shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment because of the want of sufficient information. The plaintiff in a negligence case can not have a verdict by default, but the amount of his damage is a question for the jury. The plea filed by the defendant in this case admitted every fact properly pleaded by the plaintiff, including the acts of negligence alleged. The plea, therefore, within itself, required of the plaintiff nothing, and is no plea. The assignments of error contained in the motion for a new trial and relating entirely to the law of negligence are without merit, because the defendant's negligence, under the pleadings, was not an issue in the case.

    *Judgment affirmed.*  *Wade, C. J., and Luke, J., concur.*