## STANDARD OIL COMPANY *v.* ALTMAN *et al.*

No. 8497. NOVEMBER 12, 1931.

*Bennett & Bennett* and *Charles A. Williams,* for plaintiff.
*Andrew J. Tuten* and *Homer L. Causey,* for defendants.

BECK, P. J. Standard Oil Company brought complaint for land against Mrs. Elizabeth Altman et al. The plaintiff is the owner of lots No. 1 and 2 in block 84 in the City of Alma, Georgia. The defendants are the owners of one and three fourths acres, more or less, in block 84 in that city, located on the western boundary of the lots of the plaintiff. The issue in the case was the question of the dividing line between the lands of the parties; a stipulation having been made by counsel for both sides to the effect that the back titles of neither party were in issue. Upon the trial the issue as to the true boundary line between the lands belonging to the parties was submitted to a jury, and a verdict was returned in favor of the defendants. The plaintiff's motion for a new trial was overruled, and it excepted. The motion contains the general grounds, and a special assignment of error upon the following charge to the jury: "The court charges you in all cases of disputed lines the following rules shall be respected and followed: Natural landmarks, being less liable to change, and not capable of counterfeit, shall be the most conclusive evidence; ancient or

genuine landmarks, such as corner station or marked trees, shall control the courses and distances called for by the survey. If the corners are established, and the lines not marked, a straight line, as required by the plat, shall be run, but an established marked line, though crooked, shall not be overruled; courses and distances shall be resorted to in the absence of higher evidence. General reputation in the neighborhood shall be evidence as to ancient landmarks of more than thirty years standing; and acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line. Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession."

The charge here excepted to instructed the jury almost literally in the language of the Civil Code, §§ 3820, 3821, 3822. It was error, in the trial of this suit for recovery of land, so to charge the jury. Parts of those sections may be applicable, but a part is not; and it was a misapplication of the law to give these sections in charge to the jury in an ejectment suit, especially in an ejectment suit that involved the ascertainment of boundaries between two town lots, or a town lot and an adjacent tract, the law contained in these sections being intended for operation upon the boundaries dividing rural lands only. In the case of *Christian* v. *Weaver,* 79 *Ga.* 406 (7 S. E. 261), it was said: "It is a misapplication of the laws of this State on the subject of processioning, to use them for ascertaining boundaries between town lots and an adjacent tract, these laws being intended for operation upon the boundaries dividing rural lands only. After town lots have been laid off, sold, and used as such, the question of boundary on the side of adjacent rural lands becomes one between the town lots and the adjacent rural tract, and ceases to be one directly between that tract and the original tract from which the town lots were laid off." Under the facts of this case, a charge containing the law of processioning tended to confuse and mislead the jury. The question to be determined by processioners, and the question to be determined by a jury in a suit to recover land, such as the present one, are quite different. Processioners determine the location of lines as they actually exist, and not lines as they ought to be, in view of the title of the parties. They do not determine title. See

*Boyce* v. *Cook,* 140 *Ga.* 360 (78 S. E. 1057); *Bowen* v. *Jackson,* 101 *Ga.* 817 (29 S. E. 40); *Wheeler* v. *Thomas,* 139 *Ga.* 598 (77 S. E. 817). Processioning is not a substitute for an action to try conflicting claims of title to land. In *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200), it was said: "To ascertain and fix new lines is not within the power or functions of processioners. Their vocation is to run and mark lines which at some previous time were located and established. They seek and find lines already existing, but can not bring into existence any which have not been before designated on the surface of the earth. Lines merely drawn on paper, or in the minds of contracting parties, are not ready for the search or services of processioners." See also *Crawford* v. *Wheeler,* 111 *Ga.* 870 (36 S. E. 954); *Walker* v. *Boyer,* 121 *Ga.* 300 (48 S. E. 916).

Though it may be true that some of the principles contained in the charge excepted to may be the law in the case of processioning and in the trial of title to land, a part of the charge as given is erroneous. Section 3822, which is included in the charge excepted to, reads as follows: "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." If the jury were led by the rule laid down in the last extract from the charge quoted, then mere actual possession by the defendants under a claim of right for more than seven years would be a good ground in the minds of the jury to establish as the true line here the line up to which defendants had held possession under a claim of right for more than seven years, whether they had actual paper title to the land up to that line or not. But to make that line as a matter of law the true dividing line, in a suit for land where title is involved, it should be made to appear that the defendants had good paper title to the land up to that line and had had bona fide possession of the same for a period of seven years.

In view of what we have said, the charge was erroneous. We can not hold that it was harmless error; and accordingly the judgment refusing a new trial is   *Reversed. All the Justices concur.*