FIRST NATIONAL BANK OF BAINBRIDGE *v.* KNOWLES
*et al.*

No. 9900. SEPTEMBER 14, 1934.

*H. G. Rawls* and *W. V. Custer & Son,* for plaintiff.

BECK, P. J. First National Bank of Bainbridge brought an action in trover against Frank Dale and Della Dale, to recover certain described personal property. The Dales filed a general denial, and J. T. Knowles and another person became sureties upon their bail-bond. Subsequently Knowles presented a petition to intervene in the case, setting up that the bank acquired title by virtue of certain bills of sale from Frank Dale and Della Dale to Brinson Supply Company, which papers had been transferred to the bank as collateral; that Knowles had purchased from Brinson Supply Company a paper subsequent in date to the papers held by the plaintiff bank, covering certain of the personalty sued for. Knowles prayed that he be allowed to set up his claim of title in the pending suit

as against the bank, on account of alleged misrepresentations and fraud on the part of Brinson Supply Company. The bank objected to the allowance of the intervention, upon the ground that bail-trover is a common-law action, in which equitable interventions are not allowed; and upon the further ground that it did not appear that Brinson Supply Company was insolvent, and there was no reason why Knowles might not obtain adequate relief in an action for fraud as against Brinson Supply Company. The objection was overruled and the intervention allowed. To this judgment the plaintiff excepted.

The court erred in overruling the objections to the filing of the intervention. There are classes of cases in which an intervention upon equitable grounds, such as are set forth in the intervention filed by Knowles, may be allowed; but not in a statutory proceeding such as this. It is an action at law, pure and simple. We think that this ruling is based upon the general principles controlling the making of parties, and upon principles which have been adjudicated in prior cases by this court. It is true that in the case of *Central Bank of Oakland* v. *Georgia Grocery Co.*, 120 *Ga.* 883 (48 S. E. 325), it was said: "A third person claiming title to the property which is the subject-matter of a trover suit may become a party defendant, or, in a proper case, file an intervention and have his title adjudicated." But in the later case of *Delaney* v. *Sheehan*, 138 *Ga.* 510 (75 S. E. 632), it was held that this excerpt from the *Central Bank* case was obiter dictum; and it was ruled: "Sometimes equitable pleadings by one of the parties may require the making of additional parties, in order that full relief may be granted. But we know of no law by which a third person can, over objection, enter a common-law suit between two parties by which one seeks to recover personal property from the other, file an equitable intervention asserting that neither of the parties is entitled in equity to the property, but that he is so entitled upon paying a balance of purchase-money, and praying relief accordingly. To permit such a proceeding would create endless confusion. The question of whether the plaintiff has a legal right to recover in his suit against the defendant would be lost in the question of whether a third person, who was neither plaintiff nor defendant, had equitable rights against the plaintiff or defendant, or both. The inter-venors had been guilty of no conversion, and the plaintiff did not

so claim. Intervenors pro interesse suo are not known in ordinary common-law suits. In a suit on a note or account, it would not be contended that a third person, who was neither plaintiff nor defendant, could force himself into the case and set up that neither the plaintiff nor the defendant should have a verdict determining the issues between them, but he should have a verdict establishing some equity in himself. It is declared by the Civil Code, § 5683, that 'No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed unless expressly provided for by law.' If this can not be done by the parties to the cause, much less can it be done at the instance of an outsider, a new and distinct party who wishes to enter the common-law action, in spite of the parties to it, and set up a new and distinct equitable cause of action in himself. A case sounding in trover, like that here involved, bears no analogy to petitions in the nature of creditors' bills, or like equitable proceedings, or proceedings properly called in rem, in which a person interested in the subject-matter may intervene. Here the parties did not enter the forum of equitable proceedings. They stood on their common-law rights. The intervenors alone sought to change the nature of the case."

And in *Campbell* v. *Bush,* 112 *Ga.* 737 (38 S. E. 50), it was held: "A surety upon a bail-trover bond taken under the provisions of section 4605 of the Civil Code can not, on the ground that at the time of the execution of the instrument he had a better title to the property sued for than the plaintiff in the trover action, maintain an equitable petition to enjoin that action and compel the plaintiff therein to litigate with him upon such petition over the title to the property in question." The case of *Eastmore* v. *Bunkley,* 113 *Ga.* 637 (39 S. E. 105), is distinguishable upon its facts. The court erred in allowing the intervention. Upon this ground the judgment is reversed; and it is unnecessary to discuss the grounds of the motion for a new trial, as what took place after the overruling of the objections to the intervention was nugatory.

*Judgment reversed. All the Justices concur.*