## WIGHT *v.* DAVIS.

No. 15746. APRIL 15, 1947. REHEARING DENIED MAY 16, 1947.

*Lokey & Bowden* and *Tye, Thomson, Tye & Edmondson,* for plaintiff.

*William G. Grant,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) "In order for prescription to be a foundation of a valid title, there must be actual adverse possession for the period of twenty years, unless such possession is under color of title, in which case the period of time is reduced to seven years; and in the event possession is asserted to have been under color of title, the actual limits described in the writing set up as color will not be extended to embrace other land, not included in the writing, merely because such land lying beyond the limits described in the writing has been taken possession of under a mistake and occupied for over seven years, though the party seeking to prescribe acted in good faith in extending his possession beyond the limits of the tract of land actually defined in his conveyance to contiguous land." *LaRoche* v. *Falligant,* 130 *Ga.* 596 (61 S. E. 465); *Walton* v. *Sikes,* 165 *Ga.* 422 (141 S. E. 188).

In *Standard Oil Co.* v. *Altman,* 173 *Ga.* 777 (161 S. E. 353), it was held to be error, in the trial of a suit to recover land, to instruct the jury in the language of the Code, § 85-1603, that "where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." After pointing out that the question to be determined by processioners in a boundary dispute is quite different from the question to be determined by a jury in a suit to recover land, it was said on p. 779: "If the jury were led by the rule laid down in the last extract from the charge quoted, then mere actual possession by the defendants under a claim of right for more than seven years would be a good ground in the minds of the jury to establish as the true line here the line up to which defendants had held possession under a claim of right for more than seven years, whether they had ac-

tual paper title to the land up to that line or not. But to make that line as a matter of law the true dividing line, in a suit for land where title is involved, it should be made to appear that the defendants had good paper title to the land up to that line and had had bona fide possession of the same for a period of seven years."

What is said above accords with the decisions by this court in *Barfield* v. *Birrick*, 151 *Ga.* 618 (108 S. E. 43) ; *Peeples* v. *Rudulph*, 153 *Ga.* 17 (4) (111 S. E. 548) ; *Smith* v. *Bailey*, 183 *Ga.* 869 (2) (189 S. E. 905) ; and similar cases, holding in effect that, where a plaintiff in ejectment against the owner of an adjacent city lot shows prior possession under a color of title of the lot occupied by him, and where the defendant (adjacent lot owner) has shown no superior title to the lot thus occupied by the plaintiff, and where the only conflict in the evidence is whether the property sued for lies within the boundaries of the plaintiff's lot or within the boundaries of the adjacent lot of the defendant, the essential question, in determining title to the land in dispute, is one of boundary only.

The decision in *Standard Oil Co.* v. *Altman*, 173 *Ga.* 777 (supra), also accords with the ruling in *Jones* v. *Harris*, 169 *Ga.* 665 (151 S. E. 343). While in the last-mentioned case, which involved an action to enjoin the defendant from building a wall that the plaintiff contended would be over the dividing line and on his property, it was held that the trial court erred in failing to instruct the jury that the plaintiff relied on actual possession under a claim of right for more than seven years to establish the dividing line, it does not appear that either the plaintiff or the defendant was claiming title to any land that was not embraced in their respective deeds. As pointed out by the court, the only issue was as to the location of the dividing line.

Upon request to review and overrule the decision in *Standard Oil Co.* v. *Altman*, supra, the ruling therein made is adhered to and the request of counsel for the defendant in error that the case be overruled is denied.

Applying the above principles of law to the pleadings and evidence in the present case, actual possession by one of the coterminous owners beyond the boundary called for in her deed, for more than seven years under a claim of right, did not have the ef-

fect of establishing the dividing line between the properties. Under the evidence in this case, a verdict for the plaintiff was demanded. It follows that the trial court erred in directing a verdict for the defendant. *Judgment reversed. All the Justices concur.*