40222. HARRISON v. MORRIS.

DECIDED OCTOBER 28, 1963.

*Gainey & Gainey, Jesse J. Gainey,* for plaintiff in error.

*B. B. Earle, Jr.,* contra.

BELL, Presiding Judge. ■ The plaintiff in this action relies specifically on his title to the 122 logs in the defendant's possession in seeking to regain their value or their possession. The growing trees before severance were a part of the realty and, as between these parties, the title to them before and after the severance necessarily follows the title of the land. There is no question in this case as to any contract or other legal relation which would render the mere possession of the logs an issue. The sole question rests upon the validity of the plaintiff's claim of title to the realty from which the logs were taken. It follows that for the plaintiff to recover, he must do so on the strength of his own title and not upon the weakness of the defendant's title. *Grace v. Grace,* 92 Ga. App. 693 (89 SE2d 813).

■ We have reviewed every possibility of title in the plaintiff which may be implicit in the record and the briefs of counsel, and there is nothing to suggest that plaintiff has title.

■ Plaintiff clearly has no prescriptive title to any land on

the east bank of Big Creek based on twenty years of actual possession without color of title, under *Code* § 85-406. Assuming arguendo that his possession fulfills the requirements of *Code* § 85-403 defining actual possession, at best his possession could not have begun until 1943 when he secured his deed, or perhaps not until 1946 when, with the permission of his grantor, he fenced the land now in dispute. This suit and answer were filed in 1961. Therefore, the required twenty-year period of possession could not possibly have passed.

█ Plaintiff cannot claim title under *Code* § 85-407 which provides for acquisition of title 'after seven years of adverse possession of lands, since this section requires plaintiff to have written evidence of title, and he has none. His written deed expressly made Big Creek his *eastern boundary*. The triangle of realty in dispute lies east of Big Creek.

█ Plaintiff also relies on several sections from the chapter on processioning. *Code* § 85-1602 provides in part that "acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." *Code* § 85-1603 states that: "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the line so marked as not to interfere with such possession."

The Supreme Court has held, however, that these Code sections from *Code Ch.* 85-16 do not apply to the establishment of *title*. As Mr. Chief Justice Duckworth stated it, "The acquiescence rule in the Code section [§ 85-1602] *will in no case create or establish title;* but where a proved title, by a fair construction, will embrace the lands up to the line established by acquiescence, then under this section title comes from the source proved, and acquiescence fixes the dividing line." (Emphasis supplied.) *Veal v. Barber,* 197 Ga. 555, 563 (30 SE2d 252). In *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680, 683 (58 SE2d 383), the Chief Justice said "the description in the respective deeds must be such as would include the land up to the established line. This is manifestly true for the reason that title could not pass by mere acquiescence."

In relation to *Code* § 85-1603, Mr. Presiding Justice Beck

stated that: ". . . to make that line as a matter of law the true dividing line, in a suit *for land where title is involved, it should be made to appear that the defendants had good paper title to the land up to that line* and had had bona fide possession of the same for a period of seven years." (Emphasis supplied.) *Standard Oil Co. v. Altman,* 173 Ga. 777, 779 (161 SE 353); *Wight v. Davis,* 202 Ga. 239, 241 (42 SE2d 641).

In this case title is the determining factor involved and not the true location of a boundary line, and under these precedents *Code* § 85-1603 is inapplicable. And see *Spillers v. Jordan,* 96 Ga. App. 426, 433 (100 SE2d 483), where our Judge Townsend said that "the safest rule" is to apply *Code* § 85-1603 in processioning cases only.

Plaintiff also claims title to the plot in question on the basis of the Supreme Court's ruling that coterminous owners may fix an indefinite, unascertained or disputed boundary line by oral agreement. *Farr v. Woolfolk,* 118 Ga. 277 (1) (45 SE 230); *Gornto v. Wilson,* 141 Ga. 597 (81 SE 860); *Hart v. Carter,* 150 Ga. 289 (103 SE 457). Again, however, these cases are concerned with a rule which relates to finding a *boundary line* rather than *title* to land. The problem before us is not a disputed boundary line problem. It is whether plaintiff can prove title to the acreage in question. Therefore, under the same rules applied to *Code* §§ 85-1602 and 85-1603, plaintiff secured no title by oral agreement with the adjacent owner, Scott.

In addition, it has been firmly established that the "oral agreement" rule is inapplicable unless the line is disputed or unascertained. The record contains no evidence of a dispute between Scott and the plaintiff, nor does the description in the deed by Scott to plaintiff leave open a boundary question. *Veal v. Barber,* 197 Ga. 555, supra; *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680, supra.

The record revealing no theory upon which a recovery by the plaintiff was authorized, a verdict for the defendant was demanded. Accordingly, the trial court erred in overruling the defendant's motion for judgment notwithstanding the verdict.

The judgment is reversed with directions to the trial court to

grant the defendant's motion for judgment notwithstanding the verdict and to enter judgment for the defendant.

*Judgment reversed with direction. Hall and Pannell, JJ., concur.*