### 41679, 41680.   CHASTAIN v. CONSOLIDATED CREDIT CORPORATION; and vice versa.

226

Argued January 10, 1966—Decided January 20, 1966—
Rehearing denied February 21, 1966—

F. *Kelly McCutchen*, for appellant.
*Walter H. Bolling*, for appellee.

EBERHARDT, Judge. ■ First, we consider whether there was error in the denial of defendant's motion to dismiss or strike plaintiff's demurrers because filed after the time provided in *Code Ann.* § 81-301: "All demurrers of the plaintiff to the defendant's answer or other pleas shall be filed within 15 days after such defensive pleadings are filed." The time limit for filing refers to special demurrers, for at any time before verdict a party may move orally or in writing to strike (thus generally demur to) the petition or the answer. *Niemeyer v. Dougan*, 31 Ga. App. 99 (7) (119 SE 544); *Bigelow-Sanford Carpet Co. v. Goodroe*, 98 Ga. App. 394, 398 (2) (106 SE2d 45). It is no less a general demurrer because addressed to a single paragraph of the answer. *Ayers v. Young*, 210 Ga. 441, 442 (80 SE2d 801). The demurrers being general, the motion was properly denied.

■ ■ In paragraph 1 of the petition plaintiff alleged that the defendant, a resident of the county, was in possession of certain personalty, particularly describing it and the plaintiff "now claims title to this property which has a value of $186.60, see copy of loan note and bill of sale which is hereto attached, marked Exhibit A, and made a part of this petition."

In his answer defendant asserted that "paragraph one [of the petition] is denied as pleaded." This, standing alone, is evasive and constitutes no denial of the paragraph. *Code* § 81-308; *Midland R. v. Webb,* 20 Ga. App. 237 (92 SE 972). Cf. *Crump v. Bank of Toccoa,* 41 Ga. App. 505, 509 (153 SE 531). But in this connection, and "Further answering said paragraph the defendant states that title to this property was not held by him at the time of this transaction, but was outstanding to secure other prior indebtedness, all of which was well known to the plaintiff."

Is this sufficient as a denial of plaintiff's title, and is it sufficient as a plea that title to the property was outstanding in a third party? We do not think so. Certainly there is at least a negative pregnant in the reference to "this transaction" sufficient to amount to an admission that the defendant had conveyed title to the plaintiff by execution of the bill of sale, copy of which was attached. Cf. *Holston Salt &c. Co. v. Hargis,* 73 Ga. 113 (a) ; *Coile v. Finance Co. of America,* 221 Ga. 584, 585 (146 SE2d 304) ; Blalock v. Georgia R. &c. Co., 228 F 296 (142 CCA 588, AC 1917A 679). Nor do we think it sufficient as a plea that title was outstanding in a third party. Defendant simply alleges that at the time he executed the bill of sale to plaintiff the title "was outstanding to secure other prior indebtedness." Whether this may have been good as against a general demurrer if the issue depended upon whether plaintiff held title at that time is not necessary to decide; the issue is whether plaintiff held title, or had the right of possession, at the time suit was filed. For aught that appears in defendant's answer the "other prior indebtedness" may have been fully paid prior to the filing of this suit, in which event plaintiff's title would have become complete, as against the defendant. *Code* §§ 38-114, 29-111. Cf. *Code Ann.* §§ 109A-9—503,

109A-9—504. To be effective as a plea that title was outstanding in a third party the defendant should have alleged facts showing that it was outstanding at the time suit was filed. *Hulsey v. Interstate Life &c. Co.*, 207 Ga. 167 (2) (60 SE2d 353); *Brunswick &c. R. Co. v. Clem*, 80 Ga. 534, 536 (7 SE 84).

It is true that "a defendant may always defend a trover action by showing that the plaintiff does not have title or right of possession" (*Propes v. Todd*, 89 Ga. App. 308, 315 (79 SE2d 346)), and "[t]he plaintiff in trover must recover on the strength of his own title [if he seeks to recover on the basis of title]. An outstanding title in a third person may be shown by the defendant, and will defeat a recovery" (*Central Bank v. Georgia Grocery Co.*, 120 Ga. 883, 885 (48 SE 325), and see *Bridges v. Shirling*, 26 Ga. App. 279 (2) (105 SE 862); *Harrison v. Morris*, 108 Ga. App. 566 (1) (133 SE2d 899)), but this paragraph of the defendant's answer falls short in pleading that title to the described chattels was not in the plaintiff when suit was filed.

Plaintiff urges, as an additional reason why a general demurrer to the answer was good as against this paragraph, its right to proceed on the basis of a right of possession to the chattels, even if title had previously been conveyed to another as security for indebtedness. It is alleged that the defendant had defaulted in the payment of his indebtedness to plaintiff. "The owner of property who conveys by a bill of sale to secure a debt owing by him to a creditor is in the same legal situation as one who purchases property from a vendor who retains title until the purchase price is paid; in both situations the right of possession depends upon compliance with the terms of the contract. The interest of the creditor extends no further than his special property, which is the amount of the unpaid debt. Likewise, the interest of the debtor extends no further than his own special property or equity in the subject matter, which is a right of possession during his compliance with the provisions of the security instrument, and a right to a reconveyance of title upon the discharge of his obligations thereunder." *Jones v. Brown*, 108 Ga. App. 776, 781 (134 SE2d 440). For a full and complete review of the authorities dealing

with the problem of when trover will lie, see *Livingston v. Epsten-Roberts Co.*, 50 Ga. App. 25 (177 SE 79). The Uniform Commercial Code (effective January 1, 1964) makes provision as to the right of the holder of a security instrument to possession of the chattel upon default by the maker. *Code Ann.* § 109A-9—503. One who has the right of possession may recover the property from one who wrongfully deprives him of possession, although a third person may hold legal title by a bill of sale to secure debt. *Livingston v. Epsten-Roberts Co.*, 50 Ga. App. 25, 28, supra.

Paragraph 2 of the answer, though neither admitting nor denying when the installments of his indebtedness became in default, does admit that "They are in default." This amounted to an admission of the allegation that they defaulted November 1, 1963.

Paragraph 3 of the petition alleged that the defendant refuses to deliver up the goods or to pay the value thereof after repeated demands upon him for delivery thereof and in answer the defendant denied the allegation "as pleaded." Does he deny that he has refused to deliver up the goods, or is he denying that demand was made? In paragraph 4 plaintiff alleged that it was entitled to monthly hire of $25, and defendant denied that allegation "as pleaded." Does he deny that the monthly hire is $25 or is he denying that plaintiff is entitled to the hire? Cf. *Juchter v. Boehm, Bendheim & Co.*, 63 Ga. 76, 77; *Brunswick &c. R. Co. v. Clem*, 80 Ga. 534, 536, (supra); *Crow v. McCallum*, 215 Ga. 692, 694 (113 SE2d 203). These denials were evasive and insufficient. *Midland R. v. Webb*, 20 Ga. App. 237, supra; *Thomas & McCafferty v. Siesel*, 2 Ga. App. 663 (58 SE 1131).

In paragraph 5 of his answer defendant alleged that "the security taken by this plaintiff did not give him any paramount title nor right of possession thereof . . . plaintiff's purported lien was and is inferior to other encumbrances outstanding, and plaintiff was on notice of the existing facts." It is insufficient, for reasons stated above, and for the additional reason that it does not purport to plead that *title* was outstanding in a third party—only referring to plaintiff's *lien* as being inferior to *other encumbrances*.

■ Plaintiff's demurrer to the defendant's plea in bankruptcy was properly sustained. Although the defendant may have received his discharge, his creditor is nevertheless entitled to pursue the property to which title is held under a bill of sale to secure debt. *Citizens Bank v. Mullis*, 161 Ga. 371 (131 SE 44); *Lester v. Southern Security Co.*, 168 Ga. 307 (147 SE 529); *Nash Loan Co. v. Yonge*, 182 Ga. 672 (186 SE 811); *Stephens v. Southern Discount Co.*, 105 Ga. App. 667 (125 SE2d 235). Compare *Crystal Laundry &c., Inc. v. Continental Finance &c. Co.*, 97 Ga. App. 823 (104 SE2d 654), reversed in 214 Ga. 528 (105 SE2d 727).

*Judgment affirmed on appeal; reversed on cross appeal. Bell, P. J., and Jordan, J., concur.*