## 42239. GUARDIAN DISCOUNT COMPANY v. SETTLES et al.

ARGUED SEPTEMBER 12, 1966—DECIDED SEPTEMBER 20, 1966—REHEARING DENIED OCTOBER 6, 1966—

*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* for appellant.
*Jesse G. Bowles,* for appellee.

NICHOLS, Presiding Judge. ■ The first question to be considered is whether the defendants' answer as originally filed was subject to the plaintiff's motion to strike. The plaintiff's petition followed the "Jack Jones" or short form, adding only the yearly value of the automobiles, and the original answer set up title to such automobiles to be in a third party. The written motion to strike is based on the theory that the rights of Universal CIT Credit Corporation, which is not a party to the case, cannot be adjudicated in the present action but must be the basis of a separate action.

"In trover the gist of the action is conversion, which is 'an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.' *Southern Express Co. v. Sinclair,* 130 Ga. 372, 373 (60 SE 849); *Lucas v. Durrence,* 25 Ga. App. 264 (1) (103 SE 36)." *Wood v. Frank Graham Co.,* 91 Ga. App. 621, 622 (86 SE2d 691). "The plaintiff in a trover [action] must recover on the strength of his own title. An outstanding title in a third person may be shown by the defendant, and will defeat a recovery." *Central Bank of Oakland v. Georgia Grocery Co.,* 120 Ga. 883, 885 (48 SE 325).

The plaintiff's petition placed title in itself and the defendants'

original answer merely placed title in a third party so as to defeat the plaintiff's cause, and a finding for the defendants on such plea would not have any effect on title as between the plaintiff and such third party. The defendants were entitled to prove the allegations of their answer, and the trial court did not err in overruling the written motion to strike.

■ The amendments to the defendants' answer which alleged additional facts in the nature of affirmative defenses—to show that the plaintiff was not entitled to recover because of any acts on the part of the defendants which could be classified under the Uniform Commercial Code (*Code Title* 109A), as placing title or right of possession in the plaintiff as the result of a purported security interest transaction by a third party—was not subject to the plaintiff's oral motion to strike.

■ During the trial of the case the defendants introduced in evidence over objection documentary evidence in support of their defense that title to the automobiles at the time of the alleged conversion was not in the plaintiff but in Universal CIT Credit Corporation, and that prior to the filing of the present action the defendants had paid Universal CIT Credit Corporation for such automobiles.

Such documentary evidence was not subject to plaintiff's objections. The defendants had pleaded title in a third party and were authorized to present evidence in support of such plea. See *Cloud v. Stewart*, 92 Ga. App. 247, 250 (88 SE2d 323), and citations. Nor was it reversible error to permit oral testimony tending to prove the fact that title to such automobiles was in Universal CIT Credit Corporation at the time shown by the documentary evidence. However, such evidence would not alone demand a finding for the defendants since such title in Universal CIT Credit Corporation at a time before the date of the alleged conversion would not show that during the interim the plaintiff did not obtain title to such automobiles, or that some act of the defendants had not estopped Universal CIT Credit Corporation from asserting a right of possession against the plaintiff. See *Hogg v. Simmons*, 94 Ga. App. 83 (93 SE2d 779).

■ On the trial of the case the evidence disclosed that the plaintiff's claim to such automobiles resulted from bills of sale

and trust receipts executed by Charlie Hubbard doing business as Charlie Hubbard Motor Company, and that the defendants had given possession of such automobiles to Charlie Hubbard who operated an automobile sales lot under an oral agreement whereby if Hubbard obtained a sale for any of the automobiles he would pay the defendants a fixed price for the automobile and title would be transferred to Hubbard or his customer.

The plaintiff contends that under *Code Ann.* § 109A-2—326 the delivery of the automobiles to Hubbard by the defendants was a "sale or return" and the instrument later executed by Hubbard to the plaintiff placed title in the plaintiff. The defendants however contend that under Subparagraphs (a) and (b) of Paragraph 3 of such Code section the delivery to Hubbard was not a "sale or return" and, since mere delivery without any indicia of ownership will not pass title, the plaintiff received no title from Hubbard. See *Cobb Exchange Bank v. Byrd,* 108 Ga. App. 825 (134 SE2d 871).

The purpose of *Code Ann.* § 109A-2—326 (3), supra, is to protect the creditors of the person in possession of goods (the dealer) who would have a right to assume the goods were the property of the dealer. The real owner however can protect himself by showing the creditor or alleged transferee of the dealer had no right to assume such ownership. This can be done under the provisions of the Uniform Commercial Code by showing (a) compliance with a relevant sign law, (b) that the dealer is known by his creditors to be substantially engaged in selling the goods of others, or (c) by compliance with the filing provisions of Article 9 (Secured Transactions) of the Code.

The filing provisions of Article 9 of the Uniform Commercial Code generally have no application to motor vehicles in the State of Georgia required to be registered under the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68 et seq.), as amended (*Code Ann. Ch.* 68-4A), for *Code Ann.* § 109A-9—302 (3) expressly excludes from the filing requirements of such Article 9: "property subject to a statute . . . (b) of this State which provides for central filing of, or which requires indication on a certificate of title of, such security interest in such property." However, the Motor Vehicle Certificate of Title Act, as amended by the Act of

1962 (Ga. L. 1962, pp. 79, 80; *Code Ann.* § 68-405a) has no application where the security interest is created by a manufacturer or a dealer. Thus, a security interest in a motor vehicle may be perfected under the Motor Vehicle Certificate of Title Act if created by other than a dealer or manufacturer or under the Uniform Commercial Code if by a dealer or manufacturer. In the case sub judice the security interest was created by a dealer (Hubbard) and since there was no evidence that the defendants made any filing under Article 9 of the Uniform Commercial Code, the transaction was not exempted by the provisions of Subparagraph (c) of *Code Ann.* § 109A-2—326 (3).

Nor was there any showing that the defendants complied with an applicable sign law under the provisions of Subparagraph (a) of *Code Ann.* § 109A-2—326 (3) since Georgia has no such sign law.

The remaining provision of *Code Ann.* § 109A-2—326 (3) provides an exception when the dealer is generally known by his creditors to be substantially engaged in selling the goods of others. The evidence on this issue was not sufficient to present a question for the jury's determination.

While this court cannot agree with the official comment of the permanent editorial board for the Uniform Commercial Code that "substantially engaged in selling the goods of others" means "primarily" engaged in selling the goods of others, yet evidence of isolated sales for one creditor or of what the dealer knows of his own business or even what the supplier of the goods knows about the merchandise delivered to such dealer by him is not sufficient to show that the dealer's creditors generally know he is substantially engaged in selling the goods of others. Therefore, under the evidence adduced, the delivery by the defendants to Hubbard was a sale or return as defined in the Uniform Commercial Code, and the plaintiff who advanced money to Hubbard and obtained from him bills of sale and trust receipts for such automobiles obtained title to such automobiles so as to support an action for trover.

█ The evidence as to title in universal CIT Credit Corporation pleaded in the defendants' answer was not sufficient to support a finding for the defendants, even assuming that the

original delivery to Hubbard would not have estopped Universal CIT Credit Corporation from obtaining possession of the automobiles in a proper proceeding, where the defendants later repaid the amount due by them to Universal CIT Credit Corporation the "sale" to Hubbard became complete. See *Chastain v. Consolidated Credit Corp.*, 113 Ga. App. 225, 228 (147 SE2d 807). Accordingly, a verdict for the plaintiff was demanded by the evidence, and the trial court erred in overruling its motion for new trial on the usual general grounds, but did not err in overruling its motion for a judgment non obstante veredicto, inasmuch as the "value" of the automobiles was a question for determination by the jury. See *Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 782).

In view of what is above held, the trial court erred in charging the principles of law complained of in enumerations of error numbered 9 through 12.

*Judgments affirmed in part; reversed in part. Hall and Deen, JJ., concur.*