**In re WORLD FASHIONS, INC., Debtor.**

**Bankruptcy No. 82–01107A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 5, 1982.

Richard A. Katz, Atlanta, Ga., for debtor.

Robert Devins, Atlanta, Ga., for Resource Apparel Inc.

### ORDER

HUGH ROBINSON, Bankruptcy Judge.

This case was recommitted to the bankruptcy court by the district court on September 10, 1982. In its Order, the district court instructed this court to make findings of fact and state its conclusions of law to enable the district court to decide the case on appeal. Pursuant to those instructions, the court submits the following matters.

### FINDINGS OF FACT

1.

On March 4, 1982, World Fashions Inc., the debtor in the related bankruptcy case and the petitioner Resource Apparel, Inc., entered into a written agreement for the purchase and sale of certain merchandise.

2.

The written agreement was in the form of purchase order number 8147 on which was printed in fine print on the right hand column various conditions, billing instructions, and so forth.

3.

Under the heading "Terms" in the left hand top portion of the purchase order, is written the language "net 15 days."

4.

On March 5, 1982, purchase order number 8147 was partially filled and the merchandise was delivered to the debtor.

**5.**

On March 8, 1982, World Fashions Inc. filed a voluntary Chapter 11 petition.

**6.**

On April 12, 1982, Resource Apparel, Inc. filed a Petition for Administrative Expenses in the clerk's office of the United States Bankruptcy Court for the Northern District of Georgia.

**7.**

In its petition, the creditor alleged that its transaction with the debtor was a post-petition transaction since "[i]n accordance with the trade and custom of the business, as well as the debtor's invoice, said transaction would cumulate and be finalized on or after March 20, 1982; i.e. fifteen (15) days after delivery for payment or return of unsatisfactory goods. . ."

**8.**

In its prayer for relief, petitioner asked that the court enter an order directing the trustee to satisfy its alleged administrative expense in the sum of $5,520.00.

**9.**

On May 28, 1982, this court entered an order denying both the petitioner's request for an administrative claim and its claim for attorneys' fees.

## ISSUE

Whether the language "net 15 days" on the purchase order after the heading "terms" gave the petitioner a post petition claim on the grounds that the debt for the merchandise was not actually incurred until 15 days after delivery.

For the reasons stated below, the court holds that petitioner's claim is not a valid post petition claim for an administrative expense.

## APPLICABLE LAW

1. *"Net 15 days"*

Petitioner contends that the language "net 15 days" under the heading "terms" together with the printed conditions on the right side of the order form gave the debtor the right to reject the goods for 15 days after receipt. Thus it argues that the parties "otherwise agreed" and the usual rule that a debt is incurred whenever the debtor obtains a property interest in the consideration exchanged giving rise to the debt is inapplicable. The result petitioner reaches is that the debt was not incurred until 15 days post delivery. The court finds this argument entirely without merit. The accepted and usual meaning of the clause "net 15 days" after the word "terms" is that payment is due 15 days after delivery. The order of the district court which summarizes petitioner's argument states that petitioner contends "that Ga.Code Ann. § 109A–2–326 and § 109A–2–327, together with the rest of the Uniform Code as enacted in Georgia do not apply." However, on page 3 of its Brief in Support of Administrative Expenses of Resource Apparel, Inc., petitioner states that "this contract is in accordance with . . . [those sections of the UCC]." Petitioner's argument is an attempt to obfuscate the actual transaction and its intended outcome. That is, petitioner argues that a term of payment actually changed the date when the debtor acquired rights in the merchandise. The court finds that title passed to the debtor at the time and place physical delivery was complete. Ga.Code Ann. § 109A–2–401(2). *See: Coast Scopitone, Inc. v. Self,* 127 Ga.App. 124, 127, 192 S.E.2d 513 (1972). This is not a case in which that general rule is changed by an explicit agreement between the parties. The language "net 15 days" on the purchase order did not modify the date on which the debt was incurred and title passed to the debtor. Rather the language evidences a credit sale with the result that the debtor was permitted to wait until 15 days post delivery to pay for the merchandise. *See:* 5 Bender's Uniform Commercial Code Service, Hart & Willier Forms and Procedures, ¶ 23.46[3] (1982).

In any event, it is apparent that Sections 2–326 and 2–327 of the U.C.C. as enacted in Georgia are inapplicable to the case at bar. Those code sections govern sales on approval and a sale or return and the incidents of

those types of sales. There is no evidence before the court to support petitioner's allegation that the sale by Resource Apparel was either a sale on approval or sale of return. *See: Guardian Discount Company v. Settles,* 114 Ga.App. 418, 151 S.E.2d 530 (1966). Therefore since the seller did not protect himself by compliance with Ga.Code Ann. § 109A–2–326(3)(a), (b) or (c), the court finds that both petitioner's analogy to sections 326 and 327 and its argument that title did not pass to the buyer-debtor until acceptance are without merit.

## 2. *Passage of title*

Under Georgia law, a "sale" consists in the passing of title from the seller to the buyer for a price. . . . Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods. . . . The evidence here shows that the appellant offered to pay in the future for goods to be delivered in the present. The seller agreed, delivered the merchandise to the appellant and did not retain any security interest therein. Thus, the appellant had not only rightful possession of the items, but title to them as well. The sole "interest" that the merchants had in the goods was a right to future payment pursuant to the sales contract. *Elliott v. The State,* 149 Ga.App. 579, 580–581 [254 S.E.2d 900] (1979). And *see:* Ga.Code Ann. § 109A–2–401(2) and § 109A–1–201(37).

On March 8, 1982 when the debtor filed its petition in the bankruptcy court an estate was created which encompassed all legal and equitable interests of the debtor. 11 U.S.C. § 541(a). Accordingly, since the debtor had title to the merchandise on the date the petition was filed, the merchandise became property of the estate. The debt at issue here was incurred on the date the merchandise was delivered: i.e. on March 5, 1982. The bankruptcy petition was filed on March 8, 1982. Therefore it is clear that the indebtedness is a pre-petition debt.

A buyer must pay at the contract price for any goods accepted. Ga.Code Ann. § 109A–2–607(1). Acceptance occurs when the buyer after a reasonable opportunity to inspect either signifies the goods are conforming or that he will keep them despite their nonconformity, fails to make an effective rejection or does any act inconsistent with the seller's ownership. *Id.* at 2–606(1)(a)–(c). World Fashions became obligated to pay for the merchandise upon acceptance. However, the purchase order specified a different term for payment other than immediate contemporaneous delivery and payment. That is, the contract specified a sale on credit whereby the buyer-debtor had 15 days before the "net" or the actual cost was due to be paid. *See:* Ga.Code Ann. § 109A–2–301.

## 3. *Sellers Remedies*

An unsecured seller's remedy upon discovery that a buyer is insolvent is to reclaim the goods pursuant to section 546(c) of the Bankruptcy Code. That section incorporates "any statutory right . . . of a seller . . . to reclaim such goods. . . ." Thus, Resource Apparel as an unsecured creditor could have reclaimed the merchandise from World Fashions pursuant to the Uniform Commercial Code as it is enacted in Georgia providing it made a demand in writing before ten days after receipt of the merchandise. *See:* Ga.Code Ann. § 109A–2–702(2). *See also:* Bankruptcy Code, Collier Pamphlet Edition § 546(c) Comment (1979).

There is no evidence that Resource Apparel obtained a purchase money security interest in the merchandise. Georgia Code Annotated Section 109A–9–107(a) defines a purchase money security interest as a security interest "taken or retained by the seller of the collateral to secure all or part of its price." The holder of a PMSI is given a "grace period" of fifteen days after the debtor files in bankruptcy within which to perfect its security interest. If the holder perfects "before or within 15 days after the debtor receives possession of the collateral, he takes priority over the rights of a trans-

feree in bulk or of a lien creditor which arise between the time the security interest attaches and the time of filing." Ga.Code Ann. § 109A–9–301(2) (1979 Rev.). *And see:* 11 U.S.C. § 506(b).

There is no evidence, however, that Resource Apparel ever attempted to assert its right as an unsecured open account creditor by reclaiming the merchandise nor is there any evidence that it held a purchase money security interest in the merchandise.

Since it has lost the remedies available to it, Resource Apparel now attempts to elevate the status of the indebtedness owed to it to the position of an administrative claim. If petitioner's contention that its debt was incurred post petition is successful, it will be given a priority over other unsecured claimants. That result would be untenable. The court finds that petitioner's debt was incurred before the bankruptcy filing and consequently petitioner has a prepetition unsecured claim against the debtor.

### 4. *Petitioner's Citations of Authority*

In its supplementary brief, petitioner directed the court's attention to several cases offered as controlling in the case at bar. The court has considered each case which was completely cited and it finds that these cases are not on point. Moreover, many cases offered were improperly cited in that only the name of the case and the location of the court were given. The volume, reporter and page numbers of the cases were omitted. For this reason, many of the cases cited were not considered by the court because we were unable to locate them due to this improper citation form.

### CONCLUSIONS OF LAW

The court finds that the parties' agreement was governed by the Uniform Commercial Code as enacted in Georgia. Thus, we hold that title passed at the time and place physical delivery of the goods was complete. Since under Georgia law a sale consists of the passage of title from the seller to the buyer for a price, the court holds that a sale occurred and hence the debt was incurred on March 5, 1982, three days before the debtor filed its petition. For that reason, we hold that the petitioner has an unsecured pre-petition claim for $5,520.00 and not a post-petition claim for an administrative expense. Furthermore the court finds that the language "net 15 days" under the heading "terms" on the purchase-order was merely a payment term which meant that the seller extended credit to the purchaser whereby the purchaser was allowed 15 days before payment was due. In summary, the court holds that despite the fact that payment was not due until after the debtor filed its petition, nevertheless delivery was made, title passed and the indebtedness was incurred before the petition was filed. Therefore the court holds that petitioner's claim is a pre-petition claim for an unsecured indebtedness.